IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER CAEDRAN SULLIVAN,

*Plaintiff*

v.

UNIFIED SCHOOL DISTRICT 512, *et al.*,

*Defendants*.

Case No: 2:24-cv-02491-DDT-BGS

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS INDIVIDUAL DEFENDANTS

i

**Table of Contents**

SUMMARY ........................................................................................................... 4

ARGUMENT ....................................................................................................... 4

I.    Ms. Sullivan's Section 1983 claims preclude dismissal of the Individual Defendants. ................................................................................... 5

    A.    The relevant law clarifies Ms. Sullivan's well-pleaded causes of action can be brought against individual persons. ......................................... 5

    B.    Ms. Sullivan pleads prospective relief so the individual defendants should not be dismissed. ........................................................... 5

II.    Individual Defendants' motion should be denied because legislative immunity does not apply. ...................................................................................... 5

III.    Individual Defendants' motion should be denied because qualified immunity does not save them. ....................................................................... 6

    A.    Ms. Sullivan's First Amendment rights have long been established and are well-known. ..................................................................... 7

    B.    Qualified Immunity does not apply to Title VII claims. ............................. 7

IV.    Individual Defendants' motion should be denied because Ms. Sullivan's claims are not duplicative. ....................................................................... 8

    A.    Different remedies and defenses render Ms. Sullivan's claims not "duplicative." ........................................................................ 8

        1.    Different remedies make Ms. Sullivan's well-pleaded claims not duplicative. ............................................................ 9

2.      Different defenses also make Ms. Sullivan's well-pleaded claims not duplicative. .................................................................................. 9

3.      The Individual Defendants are indispensable parties in the same action. .......................................................................................... 10

4.      The Individual Defendants and the District can be named alternatively for the same claims. ................................................. 10

B.      Individual Defendants' arguments attempt to distract by citing inapplicable cases, by making false statements of law, and by misstating Ms. Sullivan's claims. ............................................................................................... 11

1.      Judicial Economy is not an issue. ................................................. 11

2.      Individual Defendants rely on the same misstatement of law the District does. .................................................................................. 11

3.      Adults have capacity to be sued. .................................................. 11

V.      Ms. Sullivan pleads who did what to whom, easily satisfying Rule 8. ................. 13

CONCLUSION ........................................................................................................... 14

CERTIFICATE OF SERVICE .................................................................................... 15

iii

## SUMMARY

Like their motion to dismiss the Unified School District 512 (the "District") (ECF 39, 40), Defendants' motions to dismiss all individual defendants fails as a matter of law. This memo demonstrates why the motions to dismiss for two partially overlapping sub-categories of defendants[1] (the "Individual Defendants") (ECF 35-38) should be denied.

The Individual Defendants' motions repeat many of the same arguments in the Defendants' motion to dismiss Defendant USD 512 (the "District") (ECF 40). The Individual Defendants' reasserted theories should be denied for the same reasons as Ms. Sullivan asserts to dispense with Defendants' arguments in her response (ECF 47), incorporated herein by reference.

The only distinct arguments raised for the Individual Defendants, (1) legislative immunity, (2) qualified immunity, (3) duplicative claims, and (4) Rule 8 pleading deficiency, are also easily overcome. As shown below, (I) Ms. Sullivan's Section 1983 claims prevent dismissal of all the Individual Defendants, (II) legislative immunity does not apply for any of Individual Defendants' actions, (III) qualified immunity does not save the Individual Defendants, (IV) the claims against the individual defendants are not duplicative, and (V) Ms. Sullivan's well-pleaded complaint alleges who did what to her, in compliance with Rule 8.

## ARGUMENT

"Granting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Duron v. Cams*, 238 F.3d 1268, 1270 (10th Cir. 2001) (citation omitted). In considering a motion to dismiss, courts must "accept a complaint's well-pleaded allegations as true, viewing all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings" in the plaintiff's favor. *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1136 (10th Cir. 2023)

---

[1] Sinclair, Boyd-Noronha, Borgman, Hembree, Ousley, Garcia, and Westbrook ("Current Board Members"); Sinclair, Boyd-Noronha, Borgman, Hembree and Ousley ("Past Board Members"); Schumacher, Higgins, England, and Ewers ("Current Administrators"); and Hubbard and Gilhaus ("Former Administrators"), all in their official capacities (collectively, the "Official Capacity Defendants") and in their individual capacities (the "Individual Capacity Defendants") (collectively the "Individual Defendants" or "Defendants"). (*See* ECF 21 ¶¶ 1-10, ECF 23 ¶¶ 1-11.)

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell ML Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Ms. Sullivan's Complaint easily overcomes the Individual Defendants' motion to dismiss.

## I.    Ms. Sullivan's Section 1983 claims preclude dismissal of the Individual Defendants.

### A. The relevant law clarifies Ms. Sullivan's well-pleaded causes of action can be brought against individual persons.

The Supreme Court's several holdings in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) are most relevant. *Monell* holds that "[l]ocal governing bodies (and local officials sued in their official capacities) can … be sued directly under § 1983 for monetary, declaratory, and injunctive relief" *Id.*, at 659. *Monell* also holds school boards can be held liable in § 1983 actions because immunity for school boards would be inconsistent with congressional intent conferring federal jurisdiction under § 1983. *Id*. And *Monell* holds Congress clearly intended § 1983 to apply to state or local officers, subjecting them to liability under § 1983, unquestionably providing a remedy to be broadly construed against all forms of official violation of federally protected rights. *Id*.

### B. Ms. Sullivan pleads prospective relief so the individual defendants should not be dismissed.

The Supreme Court's holding in *Ex parte Young,* 209 U.S. 123 (1908) is also relevant. People can sue state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law. *Id.*, at 159-60.

Because all Individual Defendants are sued in their official capacities and individual capacities (ECF 44 ¶ 79), because Ms. Sullivan's well-pleaded Complaint includes § 1983 claims (ECF 44 ¶ 396-417, 473-78, 490-501, 502-09), and because Ms. Sullivan seeks prospective injunctive relief for ongoing violation of federal law (ECF 44 ¶¶ 83, 468, C, D, E, F, G, H at 101-02), the Individual Defendants' motion should be denied.

## II.    Individual Defendants' motion should be denied because legislative immunity does not apply.

Individual Defendants argue they are immune from suit for the District's administrative

5

policies for teachers. (ECF 38 at 5.) None of the Individual Defendants are legislators and none of their actions in this case were related to public policy or involved a legislative function. The Individual Defendants' perfunctory argument without explanation fails under Tenth Circuit law. Legislative immunity extends to *legislators*, and only when they are acting "in the sphere of legitimate legislative activity." *Kamplain v. Curry Cnty. Bd. of Comm'rs*, 159 F.3d 1248, 1251 (10th Cir. 1998) (holding defendant's Rule 12(b)(6) motion on legislative immunity grounds to be frivolous) (citing *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). The Tenth Circuit explains, "Because the circumstances of this case did not concern the enactment or promulgation of public policy, we cannot say that the [policies] were related to any legislation or legislative function." *Kamplain*, 159 F.3d at 1252. Government officials seeking immunity bear the burden of showing that an exemption from personal liability is justified. *Kamplain,* 159 F.3d at 1251.

Individual Defendants cannot rationally argue that any of their following actions were *public* policy in a legislative capacity: (1) subjecting teachers to race-based discriminatory training (ECF 44 ¶¶ 289-337); (2) targeting Ms. Sullivan and retaliating against her for opposing the race-based discriminatory training (ECF 44 ¶¶ 14, 215, 221, 338-349); (3) compelling Ms. Sullivan, other teachers, and other staff to affirm the District's new "trans" orthodoxy at school through a pronoun policy (ECF 44 ¶¶ 23-37); (4) violating Ms. Sullivan's constitutional rights (ECF 44 ¶¶ 396-417, 473-509); and (5) violations of Kansas law (ECF 44 ¶¶ 418-472, 510-526).

## III.    Individual Defendants' motion should be denied because qualified immunity does not save them.

Qualified immunity only applies where a constitutional right was *not* clearly established at the time of the violation of that right. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011); *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) ("Qualified immunity protects officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'") (citations omitted)). To show that the law is clearly established, a plaintiff must normally point to a Supreme Court or Tenth Circuit decision or the clearly established weight of authority from other courts. *Jordan v.*

6

*Adams Cnty. Sheriff's Office*, 73 F.4th 1162, 1168 (10th Cir. 2023) (citing *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) (*en banc*)).

### A. Ms. Sullivan's First Amendment rights have long been established and are well-known.

The right to freedom of speech is one of the oldest and most well-established rights in America. The Supreme Court held more than fifty years ago, "It can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969). When speech is compelled, not just silenced, "additional damage is done. *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2464 (2018). Also, the right to be free from retaliation for speech protected under the First Amendment has been well-established since at least 1977. *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 284 (1977) (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)); *Irizarry v. Yehia*, 38 F.4th 1282, 1288 (10th Cir. 2022) (right against retaliation for exercising protected speech clearly established).

### B. Qualified Immunity does not apply to Title VII claims.

Tenth Circuit precedent for Title VII claims "clearly establishes that the opposition clause protects employees from retaliation whether or not an actual violation has occurred." *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260–61 (10th Cir. 2021) (internal quotation marks omitted) (citing *Hansen v. SkyWest Airlines*, 844 F.3d 914, 926 (10th Cir. 2016). Here, there was, and continues to be, actual violation. And while Title VII requires but-for causation for Ms. Sullivan's protected speech, her speech is not analyzed under the *Pickering-Garcetti* framework for First Amendment-protected speech. Qualified immunity does not apply to Title VII claims because the relief is available only from the employer, not the individual officials.

Individual Defendants' argument for qualified immunity, thus, cannot save them because Ms. Sullivan' rights they violated were clearly established at the time of violation. *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (no qualified immunity where defendant's actions violated a constitutional or statutory right that was clearly established at the time of the conduct).

**IV.    Individual Defendants' motion should be denied because Ms. Sullivan's claims are not duplicative.**

  **A. Different remedies and defenses render Ms. Sullivan's claims not "duplicative."**

Individual Defendants misapprehend and misapply the notion of "duplicative cases" to *claims* brought against multiple parties. The doctrine of duplicative cases is typically addressed to defeat the practice of claim-splitting: "When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). Accordingly, claims are only "duplicative" if they have the same remedies and defenses. *Id*; *see also Turner v. Garcia*, 2024 WL 3901392 *2 (D.N.M. Aug. 22, 2024).

Individual Defendants say: "*Numerous* court decisions hold that, where a Kansas local governmental entity has been named as a defendant, board members and employees in their official capacities who are also named as defendants should be dismissed as duplicative." (ECF 36 at 4 (*emphasis* added).) But Individual Defendants then cite only two rulings from the district court, neither of which overcome Tenth Circuit law or even support their argument.

First, they cite *Land v. Midwest Office Technology, Inc.*, 979 F. Supp. 1344, 1346 (D. Kan. 1997), which is a Title VII case without § 1983 claims or government defendants that dismissed employee defendants for judicial economy reasons (after consolidating the case with another case for discovery). *Land's* holding does not mention "duplicative" or "duplicate." In fact, *Land* holds: "When the action is brought against not only the employer and but also against one or more employees in their official or representative capacity," the claims against the employees "merge" with the claim against the employer, not that they are to be dismissed but merged. *Id.* at 1348.

Second, *Redpath v. City of Overland Park*, 857 F. Supp. 1448, 1456 (D. Kan. 1994), does not address § 1983 actions for First Amendment violations and actually holds: "Individuals may be sued under Title VII only in their official capacities" and "individual capacity suits are inappropriate under Title VII." *Id.* (*citing Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993)). Individual Defendants' claimed authority does not provide a basis for dismissal of the

8

Individual Defendants from either Ms. Sullivan's First Amendment § 1983 claims, her Title VII claims, or from her state claims under the Kansas Constitution.

       **1.  Different remedies make Ms. Sullivan's well-pleaded claims not duplicative.**

A claim is only duplicative if alleged injury can be completely remedied in the same claim. *J.W. v. United Healthcare Ins. Co.*, 2024 WL 840714 *13 (D. Utah Feb. 28, 2024). Ms. Sullivan's remedies are different as against the District and as against the Individual Defendants. Punitive damages, for example, are not available against government entities—*i.e.*, the District, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 248 (1981) ("[a] municipality is immune from punitive damages under § 1983"); *see also* ECF 40 at 10 ¶ I (raising this point)—but punitive damages are available against the Individual Defendants for their First Amendment violations. *Smith v. Wade*, 461 U.S. 30, (1983) ("[p]unitive damages are available in a proper case under § 1983"). Because retaliation is by definition an intentional act, *Jackson v. Birmingham Bd.*, 544 U.S. 167, 168 (2005), punitive damages are available against the Individual Defendants, and thus, Ms. Sullivan's claims are not "duplicative."

Additionally, the Court may order different injunctive relief to be effectuated by the Individual Defendants in their different capacities. *See Ex parte Young,* 209 U.S. 123, 159-60 (1908) (individuals can sue state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law).

       **2.  Different defenses also make Ms. Sullivan's well-pleaded claims not duplicative.**

It follows from *Katz*, too, that claims are only "duplicative" if all defendants have the same available defenses. *See Park v. TD Ameritrade Tr. Co.*, 461 F. App'x 753, 755 (10th Cir. 2012) (claims, parties, and available relief do not significantly differ between the two actions). Here, the different Individual Defendants have different defenses from the District and from each other. For instance, the Individual Defendants named in their independent capacities in a § 1983 action may raise a defense of qualified immunity (a defense Ms. Sullivan overcomes). *Est. of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). However, Defendant USD 512 and the Individual Defendants

9

in their official capacities cannot raise qualified immunity.

### 3. The Individual Defendants are indispensable parties in the same action.

Each of the Individual Defendants is an indispensable party under Rule 19(a) because (1) in that person's absence, the court cannot accord complete relief among existing parties; and (2) failure to join would jeopardize a person's ability to protect himself or expose him to inconsistent adjudications. *Thlopthlocco Tribal Town v. Stidham*, 762 F.3d 1226, 1235-36 (10th Cir. 2014). Here, the District and its school board members may, for example, claim that Defendant Hubbard in her role as superintendent, was (or was not) delegated the administrative authority to promulgate the First Amendment-offending new "trans" policy requiring pronouns that do not coincide with students' sex, and requiring teachers to hide from parents when their child is experimenting with different genders or so-called "transitioning" at school, and Defendant Hubbard may claim she was told to implement the new "trans" policy by the Board, or even that she delegated that authority to others. Thus, the Individual Defendants are necessary parties.

Therefore, the Individual Defendants' argument that they should be dismissed because Ms. Sullivan's claims against the District are the same as her claims against the Individual Defendants is in error and their motion should be denied.

### 4. The Individual Defendants and the District can be named alternatively for the same claims.

Rule 8 allows alterative, even conflicting, claims in a pleading. Because, here, the remedies are not the same and the defenses are not the same, Ms. Sullivan's claims against the various Individual Defendants are not "duplicative" so those defendants should not be dismissed. Because the Individual Defendants can be individually liable for the constitutional violations, they are indispensable parties. And because the Individual Defendants can, and do, assert different abilities to effectuate Ms. Sullivan's relief (ECF 38 at 10), Ms. Sullivan's well-pleaded Complaint appropriately names the supervisory Individual Defendants and the District for her claims. Until additional facts and evidence can be determined as to which Defendants were and are responsible for: (1) targeting Ms. Sullivan, (2) retaliating against Ms. Sullivan, and (3) causing Ms. Sullivan's

injuries and damages, Ms. Sullivan's claims can be pleaded against all Defendants alternatively. (*See* ECF 44 ¶¶ 45-80.)

**B. Individual Defendants' arguments attempt to distract by citing inapplicable cases, by making false statements of law, and by misstating Ms. Sullivan's claims.**

**1. Judicial Economy is not an issue.**

Individual Defendants cite to *Land*, in arguing "judicial economy and efficiency" means they should be dismissed in order to avoid "juror confusion." (ECF 36 at 4 n.9.) But judicial economy and efficiency are served by deciding all claims in one action unless unfair to a party. *See Snorkel Int'l, Inc. v. Universal Equip., Inc.*, 2010 WL 2427414 *1 (D. Kan. Jun. 11, 2010) (discussing judicial economy and fairness) (citing *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)). In fact, Ms. Sullivan had to name all parties against whom she could bring her claims to avoid claim preclusion, or *res judicata*. *See Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997) ("Res judicata, or claim preclusion, bars litigation of claims that were or could have been advanced in an earlier proceeding") (cleaned up)); *Clemmons v. Wells Fargo Bank, N.A.*, 680 Fed.Appx. 754, 5 (10th Cir. Mar. 2, 2017) (in Kansas, claim preclusion requires the same claim or cause of action, the same parties, claims that were or could have been raised, and a final judgment on the merits) (citing *Cain v. Jacox*, 354 P.3d 1196, 1199 (Kan. 2015)).

**2. Individual Defendants rely on the same misstatement of law the District does.**

The Individual Defendants' rely heavily on their argument that they cannot be held accountable for making or enforcing unconstitutional policy that violates Ms. Sullivan's rights, or, apparently, for targeting and retaliating against Ms. Sullivan, because—Individual Defendants allege—the School Board members' cannot delegate their policymaking authority. (ECF 36 at 5 n.14.) But as Ms. Sullivan points out (ECF 47 at 8), the case they rely on for their argument, *Ware v. Unified School Dist. No. 492*, 902 F.2d 815, 817 (10th Cir. 1990), holds just the opposite: "final decisionmaking authority *may be delegated*." *Ware* at 817 (*emphasis* added).

**3. Adults have capacity to be sued.**

Individual Defendants also offer another false, if novel, statement of law when they argue

that the Individual Defendants "lack capacity *as governmental entities or offices* to be sued under Kansas law." (ECF 36 at 5 (*emphasis* added).[2]) For their confusing proposition that persons do not have capacity to be sued, Individual Defendants cite *Arbogast v. Kan. Dep't of Labor*, 686 F. App'x 556, 557 (10th Cir. 2017). The district court in that case held: "Where, as here, a governmental *subdivision or agency of the State* is the only named governmental defendant, that defendant does not have the capacity to sue or be sued under Kansas law in the absence of statutory authority providing otherwise." *See Arbogast v. Kansas*, 752 Fed.Appx. 582, 584 (10th Cir. Oct. 10, 2018) (affirming the district court) (*emphasis* added). In the present action, the School Board (the local board of education) is not named as a party, the individual members are. (ECF 44 at 1.) The District is a government defendant with statutory authority to sue and be sued K.S.A. 72-1131, 72-1132, and has been named as a defendant in that capacity, but is not a subdivision or agency of the State. So, the Individual Defendants are not "a governmental subdivision or agency of the State" and are not "the only named governmental defendant." Plaintiff finds no authority in the *Arbogast* trilogy cases for the Individual Defendants' proposition that individual persons do not have capacity to be sued. *See Arbogast v. Kan. Dep't of Labor*, 789 F.3d 1174, 1178 (10th Cir. 2015).

Unless Individual Defendants prove they are under 18 years of age, *see* K.S.A. 38-101, the individual school board members and administrators can be sued in their official capacities. *See Monell,* 436 U.S. at 659; *Ex parte Young,* 209 U.S. at 159-60 (individuals can sue state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law). If anything, Individual Defendants' case citation supports the argument that the Official Individual Defendants should *not* be dismissed, in order to maintain the claims against the entity through which they acted in their official capacity. Individual Defendants even argue: "Of course, a board of education is not a legal entity which has the capacity to sue or be sued under Kansas

---

[2] The full sentence reads: "Defendant USD 512's governing board of education, superintendent of schools, deputy/assistant superintendent of schools, compliance officer, director of secondary human resources and building principal lack capacity as governmental entities or offices to be sued under Kansas law." (ECF 36 at 5.)

law." (ECF 36 at 4.) But Individual Defendants fail to acknowledge that Ms. Sullivan has named the District as required by K.S.A. 72-1131 and has named the individual school board members and the individual administrators responsible for the unlawful acts, but did not name the local school board or board of education as an entity. (ECF 44 at 1.)

**V.      Ms. Sullivan pleads who did what to whom, easily satisfying Rule 8.**

Individual Defendants argue, in passing, that they cannot determine from Ms. Sullivan's Complaint who is alleged to have done what to whom. (ECF 38 at 4.) Individual Defendants cite to an interlocutory summary judgment case, not relevant here at the pleading stage. *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013). While Rule 8 requires specific facts at the pleading stage, Ms. Sullivan need only plead what she knows to make out plausible claims, and she has.

Not until after discovery, at the summary judgment or trial stage, can she be required to have determined which particular defendants, acting in concert, are responsible for the various violations of her federal and state rights. For instance, discovery should determine if responsibility for drafting or approving the First Amendment-violating new "trans" policy lies with the school board Individual Defendants or if they delegated that authority to the superintendent or other employee Individual Defendants. Nevertheless, Ms. Sullivan copiously pleads "who did what" by specifically naming the Individual Defendants for their specific actions known to her, and by naming the District and the school board members in their oversight and policymaking roles.

Additionally, Ms. Sullivan pleads the "to whom" component by the overarching fact that all actions are alleged as against Ms. Sullivan, the sole plaintiff. Here Complaint pleads specific allegations of "who did what" by the Individual Defendants as follows:

- Higgins: (ECF 44 ¶¶ 192-197, 195, 205(a), 205(a)(1), 205(a)(3), 205(a)(4), 205(a)(5), 205(a)(6), 205(a)(7), 205(a)(8), 205(b), 208, 223, 224, 225, 230, 236, 237, 239, 245, 524.)
- England: (ECF 1 ¶¶ 60, 192-94, 197, 205, 219, 212, 222, 445, 77, 78, 191, 192, 193, 195, 205(a)(1), 205(a)(2), 205(a)(3), 205(a)(4), 205(a)(5), 205(a)(6), 205(a)(7), 205(b), 212, 219, 242, 243, 244.)
- Hubbard: (ECF 1 ¶¶ 45, 55-66, 71-78.)
- Gilhaus: (ECF 1 ¶¶ 60, 77, 78.)
- Schumacher: (ECF 1 ¶¶ 60, 77, 78, 146.)

- Ewers: (ECF 44 ¶¶ 67, 68, 69, 70, 73, 74, 92, 146, 147, 148, 149, 150, 151, 152, 154, 161, 163, 164, 167, 171, 172, 186, 340, 341, 342, 376.)
- Past Board members: (ECF 44 ¶¶ 46-61.)
- Present Board members: (ECF 44 ¶¶ 47-61.)

The Individual Defendants should not be dismissed, pending the development of evidence to support the relief warranted under the claims Ms. Sullivan's pleads. Past administrators and past school board members may be liable for damages or punitive damages for past violations of Ms. Sullivan's rights and current administrators and current school board members may be liable and/or ordered to provide injunctive relief for current or ongoing violations of Ms. Sullivan's rights. Moreover, persons acting in their official capacities cannot claim qualified immunity but persons acting in their individual capacities can be held liable for their actions violating a constitutional or statutory right if, as here, that right was clearly established at the time.

Ms. Sullivan's Complaint pleads specific facts and Individual Defendants' motion to dismiss should be denied.

## CONCLUSION

WHEREFORE, the Individual Defendants' motion to dismiss should be denied because Ms. Sullivan Second Amended Verified Complaint states claims for which relief can be granted.

In the event the Court considers matters outside the pleadings and treats the District's motion as a summary judgment motion under Rule 12(d) Ms. Sullivan respectfully moves for time to conduct discovery under Rule 56(d)(2).

Respectfully submitted,

**EDMUNDS LAW OFFICE, LLC**

*/s/ Fritz Edmunds*
FRITZ EDMUNDS (KS Bar # 16829)
11715 W. 101st Street
Overland Park, Kansas 66214
(913) 669-3000
fritz@edmundslaw.com
ATTORNEY FOR PLAINTIFF

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2025, the above was served by email on

counsel for Defendants:

Greg P. Goheen
McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas 66103
ggoheen@mvplaw.com

*/s/ Fritz Edmunds*
FRITZ EDMUNDS (KS Bar # 16829)

15