UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER CAEDRAN SULLIVAN,

    Plaintiff,

v.

USD 512 SHAWNEE MISSION, et al.,

    Defendants.

Case No. 24-2491-DDC-BGS

## MEMORANDUM AND ORDER GRANTING MOTION TO STAY

The matter come before the Court on Defendants Mary Sinclair, Jessica Hembree, Jamie Borgman, April Boyd-Noronha, Heather Ousley, Sara Goodburn, Brad Stratton, Mario Garcia, David Westbrook, Michelle Hubbard, Joe Gilhaus, Rachel England, Michael Schumacher, Jeremy Higgins and David Ewers's (hereinafter "individual Defendants") motion to stay discovery. Doc. 41. By way of this motion, the individual Defendants ask the Court to stay all discovery until the District Judge decides their pending motion to dismiss. *See* Doc. 22. Plaintiff Jennifer Sullivan (hereinafter "Plaintiff") opposes the requested stay. For the reasons discussed herein, the Court **GRANTS** the motion to stay.

### I. Background

On October 28, 2024, Plaintiff filed a complaint against Unified School District No. 512 (hereinafter "USD 512")[1] and USD 512's current and former board of education members and employees. *See* Doc. 1. Several months later, Plaintiff filed a second amended complaint, which is the current operative complaint. *See* Doc. 44. The second amended complaint asserts various state, federal, and constitutional claims against the Defendants.

Plaintiff is a teacher employed by Defendant USD 512. *Id.* ¶ 40. Generally, her complaint

---

[1] Shawnee Mission USD 512 is a public unified school district headquartered in Shawnee Mission, Kansas.

1

alleges that USD 512 requires her to use a student's preferred pronouns and attend diversity, equity, and inclusion training as part of her employment. She further alleges that she was retaliated against for voicing opposition to such training.

The individual Defendants filed two separate motions to dismiss: one addressing claims against them in their official capacities and the second addressing claims against them in their individual capacities. Docs. 35-38. The school district filed a third motion to dismiss. Docs. 39-40. On January 22, 2025, the individual Defendants jointly filed the current motion to stay discovery pending the Court's ruling on their motion to dismiss. They argue that their qualified immunity and absolute immunity defenses should be ruled upon before proceeding with discovery. Plaintiff opposes the stay. The motion is fully briefed, and the Court is prepared to rule.

## II.     Legal Standard

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255. Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 222CV02421JWBKGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on

all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). If one of these circumstances is present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

### III. Analysis

The individual Defendants assert that the case should be stayed pending a ruling on their motion to dismiss because they raised absolute legislative immunity and qualified immunity defenses to the claims asserted against them in their individual capacity. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Qualified immunity is a broad protection that gives government officials a right not only to avoid standing trial, but to also avoid the burden of pretrial matters such as discovery. *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001). Immunity is a threshold issue that allows courts to "weed out" suits before requiring the defendant to expend considerable time and resources to defend the suit. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). A defendant is therefore generally entitled to have questions of qualified immunity resolved before being required to engage in discovery. *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

The Court finds a stay of discovery appropriate. The individual Defendants' motion to dismiss contends that they are entitled to absolute and qualified immunity. *See* Docs. 37, 38. Although Plaintiff argues they may not prevail on their immunity defenses, it is necessary to allow the District Judge to resolve those threshold immunity issues before requiring the Defendants to participate in discovery. *Clay v. Hydro*, No. 19-3245-DDC-ADM, 2020 WL 3429461, at *2 (D. Kan. June 23, 2020) (finding that a stay is appropriate when immunity issues are raised in dispositive motions). Moreover, discovery into the issue of immunity is not necessary to counter the arguments raised in the motion to dismiss. *Arnold*, 2019 WL 2438677, at *3. Because the Court finds that the immunity defenses raised are a sufficient basis to stay the case, it need not address the other factors.[2] Accordingly, the Court will stay discovery and all related Rule 26 proceedings until the District Judge rules on the motions to dismiss. *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (reaching same conclusion).

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery, doc. 41, is **GRANTED**. Discovery and the related Rule 26 proceedings, including the obligation to provide initial disclosures, submit a proposed scheduling order, and attend a scheduling conference, are stayed until the District Judge rules on the Defendants' motions to dismiss.

**IT IS SO ORDERED.**

Dated February 25, 2025, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[2] The Court notes that USD 512 does not raise any immunity defenses; however, in the interest of judicial economy, the Court finds that the entire case should be stayed pending a ruling on all the pending motions due to the practical difficulties in proceeding against Defendants on a piecemeal basis.