| | |
|---|---|
| JENNIFER CAEDRAN SULLIVAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 24-2491-DDC-BGS |
| **v.** | ) |
| | ) |
| UNIFIED SCHOOL DISTRICT NO. 512, | ) |
| Johnson County, Kansas, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER TO SECOND AMENDED VERIFIED COMPLAINT

**COME NOW** Defendants Unified School District No. 512, Johnson County, Kansas, Mary Sinclair, Jessica Hembree, Jamie Borgman, April Boyd-Noronha, Heather Ousley, Mario Garcia, David Westbrook, Brad Stratton, Sara Goodburn, Michelle Hubbard, Joe Gilhaus, Rachel England, Michael Schumacher, Jeremy Higgins and David Ewers, ("Defendants") by and through their attorneys, McAnany, Van Cleave & Phillips, P.A. and for their answer to Plaintiff's Second Amended Verified Complaint (ECF No. 44), state as follows:

### Introduction

1. Paragraph no. 1 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations and, instead, merely purports to generally state what Plaintiff contends her claims are about in this litigation. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

2. The allegations set forth in paragraph no. 2 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

3. Paragraph no. 3 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

4. Paragraph no. 4 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

5. Paragraph no. 5 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

6. With respect to paragraph no. 6 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that USD 512 is a governmental entity and that the other remaining individual Defendants are current or former employees of USD 512.

7. Paragraph no. 7 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

8. The allegations set forth in paragraph no. 8 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

9. With respect to paragraph no. 9 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that Plaintiff is a teacher in USD 512.

10. The allegations set forth in paragraph no. 10 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

11. Paragraph no. 11 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

12. Paragraph no. 12 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

13. Paragraph no. 13 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

14. The allegations set forth in paragraph no. 14 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

15. The allegations set forth in paragraph no. 15 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

16. The allegations set forth in paragraph no. 16 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

17. With respect to the allegations set forth in paragraph no. 17 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants deny that Plaintiff was not provided with information about the allegations asserted against her.

18. The allegations set forth in paragraph no. 18 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

19. The allegations set forth in paragraph no. 19 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

20. The allegations set forth in paragraph no. 20 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

21. The allegations set forth in paragraph no. 21 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

22. Paragraph no. 22 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

23. The allegations set forth in paragraph no. 23 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

24. The allegations set forth in paragraph no. 24 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

25. The allegations set forth in paragraph no. 25 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

26. The allegations set forth in paragraph no. 26 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

27. The allegations set forth in paragraph no. 27 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

28. The allegations set forth in paragraph no. 28 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

29. The allegations set forth in paragraph no. 29 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

30. Paragraph no. 30 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

31. The allegations set forth in paragraph no. 31 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

32. Paragraph no. 32 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

33. The allegations set forth in paragraph no. 33 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

34. The allegations set forth in paragraph no. 34 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

35. The allegations set forth in paragraph no. 35 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

36. The allegations set forth in paragraph no. 36 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

27. The allegations set forth in paragraph no. 37 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

38. The allegations set forth in paragraph no. 38 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

39. The allegations set forth in paragraph no. 39 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

**<u>The Parties</u>**

40. With respect to paragraph no. 40 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that Plaintiff is a teacher in USD 512.

41. The allegations set forth in paragraph no. 41 of Plaintiff's Second Amended Complaint (ECF No. 44) are admitted.

42. The allegations set forth in paragraph no. 42 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

43. With respect to paragraph no. 43 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that Plaintiff is a teacher in USD 512.

44. The allegations set forth in paragraph no. 44 of Plaintiff's Second Amended Complaint (ECF No. 44) are admitted.

45. With regard to the allegations set forth in paragraph no. 45 of Plaintiff's Complaint (ECF No. 44) Defendants admit that Defendant USD No. 512 is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-1131, *et seq.*

46. With respect to the allegations set forth in paragraph no. 46 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the named individuals were USD 512 board of education members during the referenced time with such legal authority as exists under Kansas law.

47. With respect to the allegations set forth in paragraph no. 47 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the named individuals were USD 512 board of education members during the referenced time with such legal authority as  exists under Kansas law.

48.     The allegations set forth in paragraph no. 48 of Plaintiff's Second Amended Complaint (ECF No. 44) are generally admitted though the board of education may only act as a whole under Kansas law.

49.     With respect to the allegations set forth in paragraph no. 49 of Plaintiff's Second Amended Complaint (ECF No. 44), it is not clear what "policies" Plaintiff is seeking to challenge in this litigation, but Defendants admit that USD 512's board of education has authority to change and enforce USD 512's policies.

50.     The allegations set forth in paragraph no. 50 of Plaintiff's Second Amended Complaint (ECF No. 44) are generally admitted though the board of education may only act as a whole under Kansas law.

51.     The allegations set forth in paragraph no. 51 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

52.     With respect to the allegations set forth in paragraph no. 52 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that USD 512's board of education, acting as a whole, has authority to adopt and enforce USD 512's policies.

53.     With respect to the allegations set forth in paragraph no. 53 of Plaintiff's Second Amended Complaint (ECF No. 44), it is not clear what "policies" Plaintiff or what Plaintiff means by these allegations. Defendants admit that USD 512's board of education has authority to change and enforce USD 512's policies only when acting as a whole and has over time taken action to do so.

54.     The allegations set forth in paragraph no. 54 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

55. The allegations set forth in paragraph no. 55 of Plaintiff's Second Amended Complaint (ECF No. 44) are admitted.

56. With respect to the allegations set forth in paragraph no. 56 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law.

57. With respect to the allegations set forth in paragraph no. 57 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law.

58. With respect to the allegations set forth in paragraph no. 58 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law.

59. With respect to the allegations set forth in paragraph no. 59 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law to include general supervision of over the identified employees.

60. The allegations set forth in paragraph no. 60 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

61. With respect to the allegations set forth in paragraph no. 61 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that its board of education and superintendent of schools have such power and authority as may exist under Kansas law.

62. With respect to the allegations set forth in paragraph no. 62 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law.

63. With respect to the allegations set forth in paragraph no. 63 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law.

64. With respect to the allegations set forth in paragraph no. 64 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law.

65. With respect to the allegations set forth in paragraph no. 65 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law.

66. With respect to the allegations set forth in paragraph no. 66 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that the superintendent of schools is the chief executive officer of the school district with such power and authority as may exist under Kansas law and expressly deny that Defendant Hubbard took any action which would give rise to any claim asserted by Plaintiff herein.

67. The allegations set forth in paragraph no. 67 of Plaintiff's Second Amended Complaint (ECF No. 44) are admitted.

68. With respect to the allegations set forth in paragraph no. 68 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that a building principal has such power and authority as may exist under Kansas law.

69. With respect to the allegations set forth in paragraph no. 69 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that a building principal has such power and authority as may exist under Kansas law.

70. With respect to the allegations set forth in paragraph no. 70 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that Defendant Ewers, as building principal, supervised the teachers in his building including Plaintiff.

71. With respect to the allegations set forth in paragraph no. 71 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that its superintendent of schools and a building principal have such power and authority as may exist under Kansas law.

72. With respect to the allegations set forth in paragraph no. 72 of Plaintiff's Second Amended Complaint (ECF No. 44), it is not clear what "policies" or "actions" Plaintiff is referencing, but Defendants admit that USD 512's superintendent of schools and building principal have authority to enforce USD 512 policies.

73. With respect to the allegations set forth in paragraph no. 73 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that USD 512's superintendent of schools and a building principal have such power and authority as may exist under Kansas law.

74. With respect to the allegations set forth in paragraph no. 74 of Plaintiff's Second Amended Complaint (ECF No. 44), it is not clear what "policies" or "actions" Plaintiff is referencing, but Defendants admit that USD 512's superintendent of schools and building principal have authority to enforce USD 512 policies.

75.     The allegations set forth in paragraph no. 75 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

76.     The allegations set forth in paragraph no. 76 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

77.     The allegations set forth in paragraph no. 77 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

78.     The allegations set forth in paragraph no. 78 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

79.     Paragraph no. 79 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations and, instead, merely purports to state the capacity in which Plaintiff is suing the named individual Defendants.  To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant, in any capacity, in this case.

80.     Paragraph no. 80 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations and, instead, merely purports to state how Plaintiff is utilizing the term "Defendants" in her pleading.  To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant, in any capacity, in this case.

### Jurisdiction and Venue

81.     Paragraph no. 81 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations and, instead, merely purports to state the legal basis asserted by Plaintiff for her federal claims.  To the extent an answer is required, Defendants deny that Plaintiff has any viable federal claims against any Defendant in this case.

82.     Paragraph no. 82 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations and, instead, merely purports to state the legal basis asserted by

Plaintiff for federal jurisdiction over her claims. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case and denies that jurisdiction exists over the claims presented.

83. Paragraph no. 83 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations and, instead, merely purports to state the legal basis asserted by Plaintiff for alleged damages and other relief. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case or that she is entitled to any relief that might generally be available under any of the asserted legal authorities.

84. Paragraph no. 84 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations and, instead, merely purports to state the legal basis asserted by Plaintiff for supplemental jurisdiction over her state law claims. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case and denies that jurisdiction exists over the claims presented.

85. With respect to the allegations set forth in paragraph no. 85 of Plaintiff's Second Amended Complaint (ECF No. 44), assuming jurisdiction exists (which is denied) Defendants do not contest venue.

86. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 86 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations to include any allegations set forth in the referenced exhibit.

87. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 87 of Plaintiff's Second Amended Complaint

12

(ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations to include any allegations set forth in the referenced exhibit.

88. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 88 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

89. With respect to the allegations set forth in paragraph no. 89 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that they contend Plaintiff was required to comply with K.S.A. 12-105b with respect to certain of her Kansas state law claims and deny that Plaintiff complied with this jurisdictional prerequisite.

## Specific Factual Allegations

90. The allegations set forth in paragraph no. 90 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

91. With respect to the allegations set forth in paragraph 91 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit a copy of the letter attached as Exhibit 4 was received at some point by Defendant Ewers.

92. With respect to the allegations set forth in paragraph 92 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit Plaintiff was required to attend professional development training.

93. The allegations set forth in paragraph no. 93 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

94. The allegations set forth in paragraph no. 94 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

95. The allegations set forth in paragraph no. 95 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

96. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 96 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

97. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 97 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

98. With respect to the allegations set forth in paragraph no. 98 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit to the contents of the referenced written document.

99. With respect to the allegations set forth in paragraph no. 99 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit to the contents of the referenced written document.

100. With respect to the allegations set forth in paragraph no. 100 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit to the contents of the referenced written document.

101. With respect to the allegations set forth in paragraph no. 101 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit to the contents of the referenced written document.

102. With respect to the allegations set forth in paragraph no. 102 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit to the contents of the referenced written document.

103. The allegations set forth in paragraph no. 103 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

104. The allegations set forth in paragraph no. 104 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

105. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 105 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

106. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 106 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

107. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 107 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

108. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 108 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

109. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 109 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

110. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 110 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

111. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 111 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

112. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 112 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

113. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 113 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

114. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 114 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

115. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 115 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

116. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 116 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

117. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 117 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

118. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 118 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

119. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 119 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

120. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 120 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

121. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 121 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

122. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 122 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

123. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 123 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

124. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 124 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

125.    Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 125 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

126.    Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 126 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

127.    Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 127 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

128.    Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 128 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

129.    Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 129 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

130.    Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 130 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

131.    Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 131 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

132. Paragraph no. 132 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

133. Paragraph no. 133 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

134. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 134 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

135. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 135 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

136. Paragraph no. 136 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

137. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 137 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

138. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 138 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

139. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 139 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

140. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 140 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

141. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 141 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

142. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 142 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

143. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 143 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations. Defendants expressly deny that Plaintiff's rights have been violated by any action of Defendants.

144. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 144 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

145. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 145 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

146. The allegations set forth in paragraph no. 146 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

147. With regard to the allegations set forth in paragraph no. 147 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced email speaks for itself and does not lend itself to an admission or denial.

148. With respect to the allegations set forth in paragraph no. 148 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that Defendant Ewers has spoken with Plaintiff in her room from time to time during the course of her employment with USD 512.

149. With regard to the allegations set forth in paragraph no. 149 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced email speaks for itself and does not lend itself to an admission or denial.

150. Paragraph no. 150 of Plaintiff's Second Amended Complaint (ECF No. 44) does not present any factual allegations and presents a hypothetical which Defendants are without sufficient knowledge or information to form a belief about the truth of and, therefore, to the extent an answer is required, deny these allegations.

151. With regard to the allegations set forth in paragraph no. 151 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced email speaks for itself and does not lend itself to an admission or denial.

152. With regard to the allegations set forth in paragraph no. 152 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced email speaks for itself and does not lend itself to an admission or denial.

153. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 153 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

154. With regard to the allegations set forth in paragraph no. 154 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that a meeting was held on January 23, 2023, where Plaintiff was advised of the complaints made against her.

155. With regard to the allegations set forth in paragraph no. 155 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that a meeting was held on January 23, 2023, where Plaintiff was advised of the complaints made against her.

156. With regard to the allegations set forth in paragraph no. 156 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendant admit that a meeting was held on January 23, 2023, where Plaintiff was advised of the complaints made against her.

157. With respect to the allegations set forth in paragraph no. 157 of Plaintiff's Second Amended Complaint (ECF No, 44), Defendants admit that USD 512 had no policy that specifically address the names or pronouns teachers were generally required to use when referring to students.

158. With regard to the allegations set forth in paragraph no. 158 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

159. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 159 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

160. With regard to the allegations set forth in paragraph no. 160 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced email speaks for itself and does not lend itself to an admission or denial.

161. With regard to the allegations set forth in paragraph no. 161 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

162. With regard to the allegations set forth in paragraph no. 162 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

163. With regard to the allegations set forth in paragraph no. 163 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced email speaks for itself and does not lend itself to an admission or denial.

164. With regard to the allegations set forth in paragraph no. 164 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

165. With regard to the allegations set forth in paragraph no. 165 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

166. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 166 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

167. With regard to the allegations set forth in paragraph no. 167 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

168. With regard to the allegations set forth in paragraph no. 168 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

169. With regard to the allegations set forth in paragraph no. 169 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

170. The allegations set forth in paragraph no. 170 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

171. The allegations set forth in paragraph no. 171 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

172. With regard to the allegations set forth in paragraph no. 172 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

173. The allegations set forth in paragraph no. 173 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

174. With regard to the allegations set forth in paragraph no. 174 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

175. With regard to the allegations set forth in paragraph no. 175 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

176. The allegations set forth in paragraph no. 176 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

177. With respect to the allegations set forth in paragraph no. 177 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants deny that Plaintiff was not provided with information about the allegations asserted against her.

178. With regard to the allegations set forth in paragraph no. 178 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced contract speaks for itself and does not lend itself to an admission or denial.

179. With regard to the allegations set forth in paragraph no. 179 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced contract speaks for itself and does not lend itself to an admission or denial.

180. The allegations set forth in paragraph no. 180 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

181. With respect to the allegations set forth in paragraph no. 181 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants deny that Plaintiff was not provided with information about the allegations asserted against her.

182. The allegations set forth in paragraph no. 182 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

183. Defendants admit the allegations set forth in paragraph no. 183 of Plaintiff's Second Amended Complaint (ECF No. 44).

184. With respect to the allegations set forth in paragraph no. 184 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants deny that Plaintiff was not provided with information about the allegations asserted against her.

185. The allegations set forth in paragraph no. 185 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

186. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 186 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

187. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 187 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

188. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 188 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

189. With respect to the allegations set forth in paragraph no. 189 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit an investigation was conducted into a complaint against Plaintiff.

190. Paragraph no. 190 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

191. The allegations set forth in paragraph no. 191 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

192. The allegations set forth in paragraph no. 192 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

193. The allegations set forth in paragraph no. 193 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

194. The allegations set forth in paragraph no. 194 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

195. With respect to the allegations set forth in paragraph no. 195 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants deny that Plaintiff was not provided with information about the allegations asserted against her.

196. With regard to the allegations set forth in paragraph no. 196 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

197. With regard to the allegations set forth in paragraph no. 197 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

198. With regard to the allegations set forth in paragraph no. 198 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

199. Paragraph no. 199 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations and, instead, merely purports to make an inaccurate statement of law by Plaintiff. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

200. The allegations set forth in paragraph no. 200 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

201. The allegations set forth in paragraph no. 201 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

202. The allegations set forth in paragraph no. 202 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

203. With regard to the allegations set forth in paragraph no. 203 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced PNA speaks for itself and does not lend itself to an admission or denial.

204. The allegations set forth in paragraph no. 204 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

205. The allegations set forth in paragraph no. 205 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

206. The allegations set forth in paragraph no. 206 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

207. The allegations set forth in paragraph no. 207 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

208. With regard to the allegations set forth in paragraph no. 208 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced policy speaks for itself and does not lend itself to an admission or denial.

209. The allegations set forth in paragraph no. 209 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

210. The allegations set forth in paragraph no. 210 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

211. The allegations set forth in paragraph no. 211 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

212. The allegations set forth in paragraph no. 212 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

213. The allegations set forth in paragraph no. 213 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

214. The allegations set forth in paragraph no. 214 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

215. The allegations set forth in paragraph no. 215 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

216. The allegations set forth in paragraph no. 216 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

217. The allegations set forth in paragraph no. 217 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

218. The allegations set forth in paragraph no. 218 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

219. With regard to the allegations set forth in paragraph no. 219 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit Defendant England serves as USD No. 512's Compliance Coordinator.

220. The allegations set forth in paragraph no. 220 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

221. The allegations set forth in paragraph no. 221 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

222. The allegations set forth in paragraph no. 222 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

223. The allegations set forth in paragraph no. 223 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

224. The allegations set forth in paragraph no. 224 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

225. The allegations set forth in paragraph no. 225 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

226. The allegations set forth in paragraph no. 226 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

227. With regard to the allegations set forth in paragraph no. 227 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

228. With regard to the allegations set forth in paragraph no. 228 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

229. The allegations set forth in paragraph no. 229 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

230. The allegations set forth in paragraph no. 230 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

231. The allegations set forth in paragraph no. 231 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

232. The allegations set forth in paragraph no. 232 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

233. The allegations set forth in paragraph no. 233 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

234. The allegations set forth in paragraph no. 234 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

235. With regard to the allegations set forth in paragraph no. 235 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

236. With regard to the allegations set forth in paragraph no. 236 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

237. With regard to the allegations set forth in paragraph no. 237 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

238. With regard to the allegations set forth in paragraph no. 238 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

239. With regard to the allegations set forth in paragraph no. 239 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

240. The allegations set forth in paragraph no. 240 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

241. With regard to the allegations set forth in paragraph no. 241 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced policy speaks for itself and does not lend itself to an admission or denial.

242. With regard to the allegations set forth in paragraph no. 242 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

243. With regard to the allegations set forth in paragraph no. 243 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

244. With regard to the allegations set forth in paragraph no. 244 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

245. With regard to the allegations set forth in paragraph no. 245 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

246. With regard to the allegations set forth in paragraph no. 246 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

247. The allegations set forth in paragraph no. 247 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

248. The allegations set forth in paragraph no. 248 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

249. With regard to the allegations set forth in paragraph no. 249 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

250. The allegations set forth in paragraph no. 250 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

251. The allegations set forth in paragraph no. 251 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

252. The allegations set forth in paragraph no. 252 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

253. The allegations set forth in paragraph no. 253 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

254. The allegations set forth in paragraph no. 254 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

255. The allegations set forth in paragraph no. 255 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

256. With regard to the allegations set forth in paragraph no. 256 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

257. With regard to the allegations set forth in paragraph no. 257 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

259. The allegations set forth in paragraph no. 259 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

260. The allegations set forth in paragraph no. 260 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

261. The allegations set forth in paragraph no. 261 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

262. The allegations set forth in paragraph no. 262 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

263. The allegations set forth in paragraph no. 263 of Plaintiff's Second Amended Complaint (ECF No. 44) are admitted.

264. The allegations set forth in paragraph no. 264 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

265. The allegations set forth in paragraph no. 265 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

266. The allegations set forth in paragraph no. 266 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

267. With regard to the allegations set forth in paragraph no. 267 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

268. The allegations set forth in paragraph no. 268 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

269. The allegations set forth in paragraph no. 269 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

270. The allegations set forth in paragraph no. 270 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

271. The allegations set forth in paragraph no. 271 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

272. The allegations set forth in paragraph no. 272 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

273. The allegations set forth in paragraph no. 273 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

274. The allegations set forth in paragraph no. 274 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

275. The allegations set forth in paragraph no. 275 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

276. The allegations set forth in paragraph no. 276 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

277. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 277 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

278. The allegations set forth in paragraph no. 278 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

279. The allegations set forth in paragraph no. 279 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

280. Paragraph no. 280 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

281. The allegations set forth in paragraph no. 281 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

282. The allegations set forth in paragraph no. 282 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

283. The allegations set forth in paragraph no. 283 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations and, therefore, to the extent an answer is required, deny these allegations.

284. The allegations set forth in paragraph no. 284 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations and, therefore, to the extent an answer is required, deny these allegations.

285. The allegations set forth in paragraph no. 285 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations and, therefore, to the extent an answer is required, deny these allegations.

286. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 286 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

287. The allegations set forth in paragraph no. 287 of Plaintiff's Second Amended Complaint (ECF No. 44) call for a legal conclusion which does not require an admission or denial from these answering Defendants.

288. The allegations set forth in paragraph no. 288 of Plaintiff's Second Amended Complaint (ECF No. 44) call for a legal conclusion which does not require an admission or denial from these answering Defendants.

289. With regard to the allegations set forth in paragraph no. 289 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit USD No. 512 offers professional development.

290. With regard to the allegations set forth in paragraph no. 290 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit USD No. 512 offers professional development.

291. The allegations set forth in paragraph no. 291 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

292. With regard to the allegations set forth in paragraph no. 292 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit USD No. 512 offers professional development.

293. With regard to the allegations set forth in paragraph no. 293 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit USD No. 512 offers professional development.

294. The allegations set forth in paragraph no. 294 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

295. The allegations set forth in paragraph no. 295 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

296. The allegations set forth in paragraph no. 296 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

297. With regard to the allegations set forth in paragraph no. 297 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

298. With regard to the allegations set forth in paragraph no. 298 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

299. With regard to the allegations set forth in paragraph no. 299 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

300. With regard to the allegations set forth in paragraph no. 300 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

301. With regard to the allegations set forth in paragraph no. 301 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

302. With regard to the allegations set forth in paragraph no. 302 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

303. With regard to the allegations set forth in paragraph no. 303 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

304. With regard to the allegations set forth in paragraph no. 304 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

305. With regard to the allegations set forth in paragraph no. 305 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

306. With regard to the allegations set forth in paragraph no. 306 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

307. With regard to the allegations set forth in paragraph no. 307 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

308. With regard to the allegations set forth in paragraph no. 308 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

309. With regard to the allegations set forth in paragraph no. 309 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

310. With regard to the allegations set forth in paragraph no. 310 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

311. With regard to the allegations set forth in paragraph no. 311 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

312. With regard to the allegations set forth in paragraph no. 312 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

313. With regard to the allegations set forth in paragraph no. 313 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

314. With regard to the allegations set forth in paragraph no. 314 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

315. With regard to the allegations set forth in paragraph no. 315 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

316. With regard to the allegations set forth in paragraph no. 316 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

317. With regard to the allegations set forth in paragraph no. 317 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

318. With regard to the allegations set forth in paragraph no. 318 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

319. With regard to the allegations set forth in paragraph no. 319 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

320. With regard to the allegations set forth in paragraph no. 320 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

321. With regard to the allegations set forth in paragraph no. 321 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

322. With regard to the allegations set forth in paragraph no. 322 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

323. With regard to the allegations set forth in paragraph no. 323 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

324. With regard to the allegations set forth in paragraph no. 324 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

325. With regard to the allegations set forth in paragraph no. 325 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

326. With regard to the allegations set forth in paragraph no. 326 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

327. With regard to the allegations set forth in paragraph no. 327 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

328. With regard to the allegations set forth in paragraph no. 328 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

329. With regard to the allegations set forth in paragraph no. 329 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

330. The allegations set forth in paragraph no. 330 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

331. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 331 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

332. The allegations set forth in paragraph no. 332 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

333. The allegations set forth in paragraph no. 333 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

334. The allegations set forth in paragraph no. 334 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

335. The allegations set forth in paragraph no. 335 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

336. The allegations set forth in paragraph no. 336 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

337. The allegations set forth in paragraph no. 337 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

338. The allegations set forth in paragraph no. 338 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

339. The allegations set forth in paragraph no. 339 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

340. The allegations set forth in paragraph no. 340 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

341. The allegations set forth in paragraph no. 341 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

342. With regard to the allegations set forth in paragraph no. 342 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit Defendant Ewers has provided support for Plaintiff.

343. The allegations set forth in paragraph no. 343 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

344. The allegations set forth in paragraph no. 344 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

345. The allegations set forth in paragraph no. 345 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

346. The allegations set forth in paragraph no. 346 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

347. The allegations set forth in paragraph no. 347 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

348. The allegations set forth in paragraph no. 348 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

349. The allegations set forth in paragraph no. 349 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

350. The allegations set forth in paragraph no. 350 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

351. With regard to the allegations set forth in paragraph no. 351 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

352. With regard to the allegations set forth in paragraph no. 352 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced document speaks for itself and does not lend itself to an admission or denial.

353. The allegations set forth in paragraph no. 353 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

354. The allegations set forth in paragraph no. 354 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

355. The allegations set forth in paragraph no. 355 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

356. The allegations set forth in paragraph no. 356 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

357. The allegations set forth in paragraph no. 357 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

358. The allegations set forth in paragraph no. 358 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

359. With regard to the allegations set forth in paragraph no. 359 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that certain students exercised their 1st amendment rights by engaging in a protest at school.

360. With regard to the allegations set forth in paragraph no. 360 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that certain students exercised their 1st amendment rights by engaging in a protest at school.

361. With regard to the allegations set forth in paragraph no. 361 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that certain students exercised their 1st amendment rights by engaging in a protest at school.

362.	Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 362 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

363.	The allegations set forth in paragraph no. 363 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

364.	The allegations set forth in paragraph no. 364 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

365.	The allegations set forth in paragraph no. 365 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

366.	The allegations set forth in paragraph no. 366 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

367.	Paragraph no. 367 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

368.	The allegations set forth in paragraph no. 368 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

369.	The allegations set forth in paragraph no. 369 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

370.	The allegations set forth in paragraph no. 370 of Plaintiff's Second Amended Complaint (ECF No. 44) are based on a faulty premise and, as such, are denied.

371.	The allegations set forth in paragraph no. 371 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

372. With regard to the allegations set forth in paragraph no. 372 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit Plaintiff is a teacher.

373. Paragraph no. 373 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case or that AP classes are assigned as a reward for teachers.

374. Paragraph no. 374 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

375. Paragraph no. 375 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

376. With regard to the allegations set forth in paragraph no. 376 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit that Plaintiff was not assigned to teach an AP English class for the 2024-25 school year.

377. With regard to the allegations set forth in paragraph no. 377 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit Plaintiff is a teacher.

378. The allegations set forth in paragraph no. 378 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

379. The allegations set forth in paragraph no. 379 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

380. The allegations set forth in paragraph no. 380 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

381. The allegations set forth in paragraph no. 381 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

382. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 382 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

383. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 383 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

384. The allegations set forth in paragraph no. 384 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

385. The allegations set forth in paragraph no. 385 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

386. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraph no. 386 of Plaintiff's Second Amended Complaint (ECF No. 44) and, therefore, to the extent an answer is required, deny these allegations.

387. The allegations set forth in paragraph no. 387 of Plaintiff's Second Amended Complaint (ECF No. 44) are an improper allegation concerning settlement that does not warrant an admission or denial.

388. The allegations set forth in paragraph no. 388 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

## Statements of Law

389.     Paragraph no. 389 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

390.     Paragraph no. 390 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

391.     The allegations set forth in paragraph no. 391 of Plaintiff's Second Amended Complaint (ECF No. 44) are denied.

392.     Paragraph no. 392 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

393.     Paragraph no. 393 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

394.     Paragraph no. 394 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

395.     Paragraph no. 395 of Plaintiff's Second Amended Complaint (ECF No. 44) does not set forth any factual allegations. To the extent an answer is required, Defendants deny that Plaintiff has any viable claims against any Defendant in this case.

**FIRST CAUSE OF ACTION**
**Violation of Plaintiff's First Amendment Right to Freedom of Speech Compelled Speech**
**(42 U.S.C. § 1983)**

396.     Defendants incorporate by reference their responses to paragraph nos. 1-395 herein.

397. Defendants deny the allegations set forth in paragraph no. 397 of Plaintiff's Second Amended Complaint (ECF No. 44).

398. Defendants deny the allegations set forth in paragraph no. 398 of Plaintiff's Second Amended Complaint (ECF No. 44).

399. Defendants deny the allegations set forth in paragraph no. 399 of Plaintiff's Second Amended Complaint (ECF No. 44).

400. Defendants deny the allegations set forth in paragraph no. 400 of Plaintiff's Second Amended Complaint (ECF No. 44).

401. Defendants deny the allegations set forth in paragraph no. 401 of Plaintiff's Second Amended Complaint (ECF No. 44).

402. Defendants deny the allegations set forth in paragraph no. 402 of Plaintiff's Second Amended Complaint (ECF No. 44).

403. Defendants deny the allegations set forth in paragraph no. 403 of Plaintiff's Second Amended Complaint (ECF No. 44).

404. Defendants deny the allegations set forth in paragraph no. 404 of Plaintiff's Second Amended Complaint (ECF No. 44).

405. Defendants deny the allegations set forth in paragraph no. 405 of Plaintiff's Second Amended Complaint (ECF No. 44).

406. Defendants deny the allegations set forth in paragraph no. 406 of Plaintiff's Second Amended Complaint (ECF No. 44).

407. Defendants deny the allegations set forth in paragraph no. 407 of Plaintiff's Second Amended Complaint (ECF No. 44).

408.     Defendants deny the allegations set forth in paragraph no. 408 of Plaintiff's Second Amended Complaint (ECF No. 44).

409.     Defendants deny the allegations set forth in paragraph no. 409 of Plaintiff's Second Amended Complaint (ECF No. 44).

410.     Defendants deny the allegations set forth in paragraph no. 410 of Plaintiff's Second Amended Complaint (ECF No. 44).

411.     Defendants deny the allegations set forth in paragraph no. 411 of Plaintiff's Second Amended Complaint (ECF No. 44).

412.     Defendants deny the allegations set forth in paragraph no. 412 of Plaintiff's Second Amended Complaint (ECF No. 44).

413.     Defendants deny the allegations set forth in paragraph no. 413 of Plaintiff's Second Amended Complaint (ECF No. 44).

414.     Defendants deny the allegations set forth in paragraph no. 414 of Plaintiff's Second Amended Complaint (ECF No. 44).

415.     Defendants deny the allegations set forth in paragraph no. 415 of Plaintiff's Second Amended Complaint (ECF No. 44).

416.     Defendants deny the allegations set forth in paragraph no. 416 of Plaintiff's Second Amended Complaint (ECF No. 44).

417.     Defendants deny the allegations set forth in paragraph no. 417 of Plaintiff's Second Amended Complaint (ECF No. 44).

**SECOND CAUSE OF ACTION**
**Violation of Plaintiff's Kansas Constitutional Rights to Religious Liberty and Liberty of Press and Speech**
**Kansas Preservation of Religious Freedom Act (K.S.A. 60-5302, et seq.); the Kansas Public Speech Protection Act (K.S.A. 60-5320, et seq.) and the Kansas Constitution Bill of Rights §§ 7,11**

418. Defendants incorporate by reference their responses to paragraph nos. 1-417 herein.

419. Defendants deny the allegations set forth in paragraph no. 419 of Plaintiff's Second Amended Complaint (ECF No. 44).

420. Defendants deny the allegations set forth in paragraph no. 420 of Plaintiff's Second Amended Complaint (ECF No. 44).

421. Defendants deny the allegations set forth in paragraph no. 421 of Plaintiff's Second Amended Complaint (ECF No. 44).

422. Defendants deny the allegations set forth in paragraph no. 422 of Plaintiff's Second Amended Complaint (ECF No. 44).

423. Defendants deny the allegations set forth in paragraph no. 423 of Plaintiff's Second Amended Complaint (ECF No. 44).

424. Defendants deny the allegations set forth in paragraph no. 424 of Plaintiff's Second Amended Complaint (ECF No. 44).

425. Defendants deny the allegations set forth in paragraph no. 425 of Plaintiff's Second Amended Complaint (ECF No. 44).

426. Defendants deny the allegations set forth in paragraph no. 426 of Plaintiff's Second Amended Complaint (ECF No. 44).

427. Defendants deny the allegations set forth in paragraph no. 427 of Plaintiff's Second Amended Complaint (ECF No. 44).

428. Defendants deny the allegations set forth in paragraph no. 428 of Plaintiff's Second Amended Complaint (ECF No. 44).

429. Defendants deny the allegations set forth in paragraph no. 429 of Plaintiff's Second Amended Complaint (ECF No. 44).

430. Defendants deny the allegations set forth in paragraph no. 430 of Plaintiff's Second Amended Complaint (ECF No. 44).

431. Defendants deny the allegations set forth in paragraph no. 431 of Plaintiff's Second Amended Complaint (ECF No. 44).

432. Defendants deny the allegations set forth in paragraph no. 432 of Plaintiff's Second Amended Complaint (ECF No. 44).

433. Defendants deny the allegations set forth in paragraph no. 433 of Plaintiff's Second Amended Complaint (ECF No. 44).

434. Defendants deny the allegations set forth in paragraph no. 434 of Plaintiff's Second Amended Complaint (ECF No. 44).

435. Defendants deny the allegations set forth in paragraph no. 435 of Plaintiff's Second Amended Complaint (ECF No. 44).

436. Defendants deny the allegations set forth in paragraph no. 436 of Plaintiff's Second Amended Complaint (ECF No. 44).

437. Defendants deny the allegations set forth in paragraph no. 437 of Plaintiff's Second Amended Complaint (ECF No. 44).

438. Defendants deny the allegations set forth in paragraph no. 438 of Plaintiff's Second Amended Complaint (ECF No. 44).

439. Defendants deny the allegations set forth in paragraph no. 439 of Plaintiff's Second Amended Complaint (ECF No. 44).

440. Defendants deny the allegations set forth in paragraph no. 440 of Plaintiff's Second Amended Complaint (ECF No. 44).

441. Defendants deny the allegations set forth in paragraph no. 441 of Plaintiff's Second Amended Complaint (ECF No. 44).

442. Defendants deny the allegations set forth in paragraph no. 442 of Plaintiff's Second Amended Complaint (ECF No. 44).

443. Defendants deny the allegations set forth in paragraph no. 443 of Plaintiff's Second Amended Complaint (ECF No. 44).

444. Defendants deny the allegations set forth in paragraph no. 444 of Plaintiff's Second Amended Complaint (ECF No. 44).

445. Defendants deny the allegations set forth in paragraph no. 445 of Plaintiff's Second Amended Complaint (ECF No. 44).

446. Defendants deny the allegations set forth in paragraph no. 446 of Plaintiff's Second Amended Complaint (ECF No. 44).

447. Defendants deny the allegations set forth in paragraph no. 447 of Plaintiff's Second Amended Complaint (ECF No. 44).

448. Defendants deny the allegations set forth in paragraph no. 448 of Plaintiff's Second Amended Complaint (ECF No. 44).

449. Defendants deny the allegations set forth in paragraph no. 449 of Plaintiff's Second Amended Complaint (ECF No. 44).

450. Defendants deny the allegations set forth in paragraph no. 450 of Plaintiff's Second Amended Complaint (ECF No. 44).

451. Defendants deny the allegations set forth in paragraph no. 451 of Plaintiff's Second Amended Complaint (ECF No. 44).

452. Defendants deny the allegations set forth in paragraph no. 452 of Plaintiff's Second Amended Complaint (ECF No. 44).

**THIRD CAUSE OF ACTION**
**Retaliation for Exercising Religious Liberty, Rights of Conscience, and Liberty of Speech Kansas Preservation of Religious Freedom Act (K.S.A. 60-5302, et seq.); and the Kansas Public Speech Protection Act (K.S.A. 60-5320, et seq.) Kansas Constitution Bill of Rights §§ 7,11**

453. Defendants incorporate by reference their responses to paragraph nos. 1-452 herein.

454. Defendants deny the allegations set forth in paragraph no. 454 of Plaintiff's Second Amended Complaint (ECF No. 44).

455. Defendants deny the allegations set forth in paragraph no. 455 of Plaintiff's Second Amended Complaint (ECF No. 44).

456. Defendants deny the allegations set forth in paragraph no. 456 of Plaintiff's Second Amended Complaint (ECF No. 44).

457. Defendants deny the allegations set forth in paragraph no. 457 of Plaintiff's Second Amended Complaint (ECF No. 44).

458. Defendants deny the allegations set forth in paragraph no. 458 of Plaintiff's Second Amended Complaint (ECF No. 44).

459. Defendants deny the allegations set forth in paragraph no. 459 of Plaintiff's Second Amended Complaint (ECF No. 44).

460. Defendants deny the allegations set forth in paragraph no. 460 of Plaintiff's Second Amended Complaint (ECF No. 44).

461. Defendants deny the allegations set forth in paragraph no. 461 of Plaintiff's Second Amended Complaint (ECF No. 44).

**FOURTH CAUSE OF ACTION**

**Violation of the Kansas Preservation of Religious Freedom Act and the Kanss Public Speech Protection Act (K.S.A. 60-5302, et seq. K.S.A. 60-5320, et seq.) Kansas Constitution Bill of Rights**

462. Defendants incorporate by reference their responses to paragraph nos. 1-461 herein.

463. Defendants deny the allegations set forth in paragraph no. 463 of Plaintiff's Second Amended Complaint (ECF No. 44).

464. Defendants deny the allegations set forth in paragraph no. 464 of Plaintiff's Second Amended Complaint (ECF No. 44).

465. Defendants deny the allegations set forth in paragraph no. 465 of Plaintiff's Second Amended Complaint (ECF No. 44).

466. Defendants deny the allegations set forth in paragraph no. 466 of Plaintiff's Second Amended Complaint (ECF No. 44).

467. Defendants deny the allegations set forth in paragraph no. 467 of Plaintiff's Second Amended Complaint (ECF No. 44).

468. Defendants deny the allegations set forth in paragraph no. 468 of Plaintiff's Second Amended Complaint (ECF No. 44).

469. Defendants deny the allegations set forth in paragraph no. 469 of Plaintiff's Second Amended Complaint (ECF No. 44).

470. Defendants deny the allegations set forth in paragraph no. 470 of Plaintiff's Second Amended Complaint (ECF No. 44).

471. Defendants deny the allegations set forth in paragraph no. 471 of Plaintiff's Second Amended Complaint (ECF No. 44).

472. Defendants deny the allegations set forth in paragraph no. 472 of Plaintiff's Second Amended Complaint (ECF No. 44).

**FIFTH CAUSE OF ACTION**
**Retaliation for Opposition to Government's Racist DEI Programming Violation of First Amendment Free Speech Rights**
**(42 U.S.C. § 1983)**

473.   Defendants incorporate by reference their responses to paragraph nos. 1-472 herein.

474.   Defendants deny the allegations set forth in paragraph no. 474 of Plaintiff's Second Amended Complaint (ECF No. 44).

475.   Defendants deny the allegations set forth in paragraph no. 475 of Plaintiff's Second Amended Complaint (ECF No. 44).

476.   Defendants deny the allegations set forth in paragraph no. 476 of Plaintiff's Second Amended Complaint (ECF No. 44).

477.   Defendants deny the allegations set forth in paragraph no. 477 of Plaintiff's Second Amended Complaint (ECF No. 44).

478.   Defendants deny the allegations set forth in paragraph no. 478 of Plaintiff's Second Amended Complaint (ECF No. 44).

**SIXTH CAUSE OF ACTION**
**Retaliation for Opposition to Racist DEI Required Training**
**(Title VII; 42 U.S.C. § 2000e, et seq.)**

479.   Defendants incorporate by reference their responses to paragraph nos. 1-478 herein.

480.   Defendants deny the allegations set forth in paragraph no. 480 of Plaintiff's Second Amended Complaint (ECF No. 44).

481.   Defendants deny the allegations set forth in paragraph no. 481 of Plaintiff's Second Amended Complaint (ECF No. 44).

482.   Defendants deny the allegations set forth in paragraph no. 482 of Plaintiff's Second Amended Complaint (ECF No. 44).

483. Defendants deny the allegations set forth in paragraph no. 483 of Plaintiff's Second Amended Complaint (ECF No. 44).

484. Defendants deny the allegations set forth in paragraph no. 484 of Plaintiff's Second Amended Complaint (ECF No. 44).

485. Defendants deny the allegations set forth in paragraph no. 485 of Plaintiff's Second Amended Complaint (ECF No. 44).

486. Defendants deny the allegations set forth in paragraph no. 486 of Plaintiff's Second Amended Complaint (ECF No. 44).

487. Defendants deny the allegations set forth in paragraph no. 487 of Plaintiff's Second Amended Complaint (ECF No. 44).

488. Defendants deny the allegations set forth in paragraph no. 488 of Plaintiff's Second Amended Complaint (ECF No. 44).

489. Defendants deny the allegations set forth in paragraph no. 489 of Plaintiff's Second Amended Complaint (ECF No. 44).

**SEVENTH CAUSE OF ACTION**
**Violation of Plaintiff's First Amendment Right to Freedom of Speech Content & Viewpoint Discrimination**
**(42 U.S.C. § 1983)**

490. Defendants incorporate by reference their responses to paragraph nos. 1-489 herein.

491. Defendants deny the allegations set forth in paragraph no. 491 of Plaintiff's Second Amended Complaint (ECF No. 44).

492. Defendants deny the allegations set forth in paragraph no. 492 of Plaintiff's Second Amended Complaint (ECF No. 44).

493. Defendants deny the allegations set forth in paragraph no. 493 of Plaintiff's Second Amended Complaint (ECF No. 44).

494. Defendants deny the allegations set forth in paragraph no. 494 of Plaintiff's Second Amended Complaint (ECF No. 44).

495. Defendants deny the allegations set forth in paragraph no. 495 of Plaintiff's Second Amended Complaint (ECF No. 44).

496. Defendants deny the allegations set forth in paragraph no. 496 of Plaintiff's Second Amended Complaint (ECF No. 44).

497. Defendants deny the allegations set forth in paragraph no. 497 of Plaintiff's Second Amended Complaint (ECF No. 44).

498. Defendants deny the allegations set forth in paragraph no. 498 of Plaintiff's Second Amended Complaint (ECF No. 44).

499. Defendants deny the allegations set forth in paragraph no. 499 of Plaintiff's Second Amended Complaint (ECF No. 44).

500. Defendants deny the allegations set forth in paragraph no. 500 of Plaintiff's Second Amended Complaint (ECF No. 44).

501. Defendants deny the allegations set forth in paragraph no. 501 of Plaintiff's Second Amended Complaint (ECF No. 44).

**EIGHTH CAUSE OF ACTION**
**Violation of Plaintiff's Right to be Free from Unconstitutional Conditions**
**(42 U.S.C. § 1983)**

502. Defendants incorporate by reference their responses to paragraph nos. 1-501 herein.

503. Defendants deny the allegations set forth in paragraph no. 503 of Plaintiff's Second Amended Complaint (ECF No. 44).

504. Defendants deny the allegations set forth in paragraph no. 504 of Plaintiff's Second Amended Complaint (ECF No. 44).

505.    Defendants deny the allegations set forth in paragraph no. 505 of Plaintiff's Second Amended Complaint (ECF No. 44).

506.    Defendants deny the allegations set forth in paragraph no. 506 of Plaintiff's Second Amended Complaint (ECF No. 44).

507.    Defendants deny the allegations set forth in paragraph no. 507 of Plaintiff's Second Amended Complaint (ECF No. 44).

508.    Defendants deny the allegations set forth in paragraph no. 508 of Plaintiff's Second Amended Complaint (ECF No. 44).

509.    Defendants deny the allegations set forth in paragraph no. 509 of Plaintiff's Second Amended Complaint (ECF No. 44).

**NINTH CAUSE OF ACTION**
**Breach of Contract**

510.    Defendants incorporate by reference their responses to paragraph nos. 1-509 herein.

511.    With regard to the allegations set forth in paragraph no. 511 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit Plaintiff's employment is governed in part by the Professional Negotiated Agreement.

512.    With regard to the allegations set forth in paragraph no. 512 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit Plaintiff's employment is governed in part by the Professional Negotiated Agreement.

513.    With regard to the allegations set forth in paragraph no. 513 of Plaintiff's Second Amended Complaint (ECF No. 44), Defendants admit Plaintiff's employment is governed in part by the Professional Negotiated Agreement.

514. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 514 of Plaintiff's Second Amended Complaint (ECF No. 44) and therefore deny the same.

515. Defendants deny the allegations set forth in paragraph no. 515 of Plaintiff's Second Amended Complaint (ECF No. 44).

516. Defendants deny the allegations set forth in paragraph no. 516 of Plaintiff's Second Amended Complaint (ECF No. 44).

517. Defendants deny the allegations set forth in paragraph no. 517 of Plaintiff's Second Amended Complaint (ECF No. 44).

518. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 518 of Plaintiff's Second Amended Complaint (ECF No. 44) and therefore deny the same.

519. Defendants deny the allegations set forth in paragraph no. 519 of Plaintiff's Second Amended Complaint (ECF No. 44).

520. Defendants deny the allegations set forth in paragraph no. 520 of Plaintiff's Second Amended Complaint (ECF No. 44).

521. With regard to the allegations set forth in paragraph no. 521 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced PNA speaks for itself and does not lend itself to an admission or denial.

522. Defendants deny the allegations set forth in paragraph no. 522 of Plaintiff's Second Amended Complaint (ECF No. 44).

523. Defendants deny the allegations set forth in paragraph no. 523 of Plaintiff's Second Amended Complaint (ECF No. 44).

524. Defendants deny the allegations set forth in paragraph no. 524 of Plaintiff's Second Amended Complaint (ECF No. 44).

525. Defendants deny the allegations set forth in paragraph no. 525 of Plaintiff's Second Amended Complaint (ECF No. 44).

526. With regard to the allegations set forth in paragraph no. 526 of Plaintiff's Second Amended Complaint (ECF No. 44), the referenced PNA speaks for itself and does not lend itself to an admission or denial.

**Impact and Damages**

527. Defendants deny the allegations set forth in paragraph no. 527 of Plaintiff's Second Amended Complaint (ECF No. 44).

528. Defendants deny the allegations set forth in paragraph no. 528 of Plaintiff's Second Amended Complaint (ECF No. 44).

529. Defendants deny the allegations set forth in paragraph no. 529 of Plaintiff's Second Amended Complaint (ECF No. 44).

530. Defendants deny the allegations set forth in paragraph no. 530 of Plaintiff's Second Amended Complaint (ECF No. 44).

531. Defendants deny the allegations set forth in paragraph no. 531 of Plaintiff's Second Amended Complaint (ECF No. 44).

532. Defendants deny the allegations set forth in paragraph no. 532 of Plaintiff's Second Amended Complaint (ECF No. 44).

533. Defendants deny the allegations set forth in paragraph no. 533 of Plaintiff's Second Amended Complaint (ECF No. 44).

534. Defendants deny the allegations set forth in paragraph no. 534 of Plaintiff's Second Amended Complaint (ECF No. 44).

535. Defendants deny the allegations set forth in paragraph no. 535 of Plaintiff's Second Amended Complaint (ECF No. 44).

536. Defendants deny the allegations set forth in paragraph no. 536 of Plaintiff's Second Amended Complaint (ECF No. 44).

537. Defendants deny the allegations set forth in paragraph no. 537 of Plaintiff's Second Amended Complaint (ECF No. 44).

538. Defendants deny that their conduct has caused Plaintiff any damages.

538. Defendants deny the nature and extent of Plaintiff's claimed injuries.

539. Defendants deny that Plaintiff is entitled to any of the damages or relief requested in the *ad damnum* clause on pages 100-103 of Plaintiff's Second Amended Complaint (ECF No. 44).

540. Plaintiff's demand for a jury trial contained on pages 103-104 of her Second Amended Complaint (ECF No. 44) does not lend itself to either admission or denial. Defendants deny that Plaintiff is entitled to a jury trial on some or all of her claims.

541. Defendants deny the allegations set forth in the headings throughout Plaintiff's Second Amended Complaint (ECF No. 44).

542. Defendants deny each and every allegation, including portions thereof, contained within Plaintiff's Second Amended Complaint (ECF No. 44) which has not been specifically admitted to herein.

### **AFFIRMATIVE DEFENSES**

1. Plaintiff's Second Amended Complaint (ECF No. 44), or parts thereof, fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are moot.

3. Plaintiff lacks standing to pursue some or all of her claims thereby depriving the Court of subject matter jurisdiction to consider the same.

4. Plaintiff's claims are barred or limited by the Court's prior rulings in this matter. Memorandum and Order (ECF No. 59).

5. Defendants incorporate by reference and defenses asserted in their motions to dismiss and memoranda in support thereof.

6. Plaintiff's claims are barred, in whole or in part, by qualified immunity.

7. Defendants have no *respondeat superior* liability for the acts or omissions of any other individual or entity and are not subject to vicarious liability under § 1983.

8. Plaintiff's rights under the First Amendment as a public education teacher are limited when she is acting in the course and scope of her employment for USD No. 512.

9. Any policies, rules, decisions or actions were reasonable and did not foreclose Plaintiff's rights under the First Amendment or any other amendment to the U.S. Constitution.

10. Any policies or rules were based on a compelling interest of Defendants.

11. Defendants have, at all times, acted in good faith, without fraud, malice or retaliatory intent, and all actions of Defendants were taken for legitimate non-retaliatory reasons in the exercise of business judgment and discretion, and, assuming *arguendo* that her engagement in protected activities under First Amendment was considered, which is denied, would have still been taken based on those other factors.

12.     Plaintiff's claims are barred or reduced, in whole or in part, by the Kansas Tort Claims Act, K.S.A. 70-6101, *et seq.*

13.     Plaintiff's claims are barred, in whole or in part, to the extent the claims presented exceed those set forth in the proffered notice of claim under K.S.A. 12-105b and the court lacks jurisdiction over any claims that do not comply with the statute or for which she has failed to satisfy a condition precedent.

14.     Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to exhaust administrative remedies.

15.     Defendant USD No. 512 has no municipal policy or custom which violates the rights of Plaintiff.

16.     Plaintiff has failed to sufficiently plead grounds for municipal liability against Defendant USD No. 512.

17.     All applicable statutory caps for damages limit any damages alleged to have been suffered or incurred by Plaintiff, the existence of such damages Defendants specifically deny.

18.     Plaintiff's claim for declaratory or other equitable relief is improper where Plaintiff is seeking actual damages.

19.     Plaintiff has failed to properly mitigate her damages, if any.

20.     The damages sought by Plaintiff are based on pure speculation and are therefore not recoverable against Defendants.

21.     Plaintiff's claims for equitable relief, if any, are barred, in whole or in part, by the existence of an adequate remedy at law and are moot.

22.     Defendants, at all times, acted rationally, reasonably and in good faith, without fraud, malice or improper intent, and for legitimate reasons.

23. Plaintiff's claims for punitive damages against the individual Defendants are barred or limited in whole or in part because Plaintiff has not alleged egregious conduct necessary for punitive damages under the statutes cited.

24. Plaintiff's claims for punitive damages are disproportionate to the injuries suffered, if any, and violate the excessive fines clause of the Eighth Amendment and due process clause of the Fourteenth Amendment to the U.S. Constitution.

25. Plaintiff's claims for punitive damages are limited to the extent they violate Defendants' constitutional rights under Article I, Section 8 and the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

26. Any policies, rules or decisions were neutral about targeted a specific religion or religious practice.

27. Any policies, rules or decisions were applicable generally to all teachers not just those with a religious belief.

28. Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory or unconstitutional behavior; and (b) plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant or to avoid harm otherwise. See Burlington Industries, Inc. v. Ellerth, ___ U.S. ___, 1998 W.L. 336326, *15 (1998) and Faragher v. City of Boca Raton, ___ U.S. ___, 1998 W.L. 336322 (1998).

29. This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling defendant to its costs, including reasonable attorneys' fees, incurred in defending this action.

30. Defendants reserves the right to assert any further defenses which may become apparent during the course of discovery.

**WHEREFORE**, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff and that they be awarded its costs, including reasonable attorneys' fees, incurred in defending this action and such other relief as deemed fair, just and equitable.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas  66103
Telephone:     (913) 371-3838
Facsimile:     (913) 371-4722
E-mail:ggoheen@mvplaw.com

By:  /s/ Gregory P. Goheen
          Gregory P. Goheen              #16291

Attorneys for Defendants Unified School District No. 512, Johnson County, Kansas, Mary Sinclair, Jessica Hembree, Jamie Borgman, April Boyd-Noronha, Heather Ousley, Mario Garcia, David Westbrook, Brad Stratton, Sara Goodburn, Michelle Hubbard, Joe Gilhaus, Rachel England, Michael Schumacher, Jeremy Higgins and David Ewers

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to:

Fritz Edmunds
Edmunds Law Office, LLC
11715 W. 101st Street
Overland Park, KS 66214
Attorneys for Plaintiff

/s/ Gregory P. Goheen