IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENNIFER CAEDRAN SULLIVAN,**<br>*Plaintiff*<br><br>                    *v.*<br><br>**UNIFIED SCHOOL DISTRICT 512**, *et al.*<br>*Defendants.* | Case No: 2:24-2491-DDC-BGS |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff Jennifer Caedran Sullivan, by and through her undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 37(a) to compel Defendants Unified School District No. 512 (*"USD 512"*) and individual defendants Michelle Hubbard, Rachel England, Jeremy Higgins, and David Ewers (collectively "Defendants") to fully comply with their discovery obligations. Despite the Court's March 12, 2026 order directing production of unredacted documents by April 3, and despite multiple rounds of responses and productions served as late as April 22, 2026, Defendants continue to withhold discoverable evidence, ignore Court-ordered deadlines, produce documents in a largely unusable format, maintain inadequate privilege log entries, and refuse to confer in good faith. Plaintiff therefore seeks an order compelling full compliance, together with fees and costs under Fed. R. Civ. P. 37(a)(5).

## I. BACKGROUND

This civil rights action arises from Defendants' retaliation against Plaintiff (a Shawnee Mission North High School AP English teacher with an impeccable record) for exercising her Title VII and First Amendment rights in opposing the District's deeply race-based DEI program and gender-identity practices, and for publishing articles critical of that program and those practices. Nearly four months ago, on January 5, 2026, Plaintiff served her First Requests for Production of Documents ("RFPs") on Defendants, who served objection-heavy responses with no responsive documents on February 3. Supplemental responses were served February 17 and March 20

1

(Defendants' responses and objections are attached as **Exhibits 1**, **2**, and **3**, respectively) and documents were served February 23, 24, March 18, 27, April 3, with 5,450 pages served on April 22, 2026.

On March 12, the Court held a pre-motion discovery conference. At that conference, the Court ordered unredacted documents be produced by April 3. Defendants have not produced the unredacted documents ordered by the Court. At the Court's strong urging, Defendants' March 20 second supplemental response withdraws the numerous "to the extent" objections Plaintiff contested. Nevertheless, multiple discovery deficiencies persist, including: redacted documents the Court ordered unredacted, boilerplate objections, missing documents, unproduced recordings, inadequate privilege log entries, promised-but-unproduced documents, and unresolved scope disputes.

Defendants have not resolved these issues despite numerous attempts by Plaintiff's counsel to confer before and after the March 12 conference with the Court: Emails sent on February 6, 11, 13, 16, 18, 24, 25, March 2, 3, 5, 10, 30, 31, April 1, 2, 6, 8, 10, and 22 (including two golden rule letters); Telephone calls that went unanswered on April 1, 2, and 8, 20; and a Text message on April 8. (*See* Exhibit 5 ¶ 3) Only one phone conversation occurred February 18 without resolution. This has been a consistent problem. *See* ECF 65 § 2(i).

## II.  ARGUMENT

### A.  Defendants Have Failed to Produce Unredacted Documents.

The Court ordered Defendants to reproduce documents without redactions by April 3, 2026. ECF 81. Defendants still have not complied. Despite the existence of a protective order to protect confidential information (ECF 68), Defendants imposed approximately 863 redactions across their 6,485-page earlier production, and untold redactions across their additional 5,450-page

most recent production two days ago. Defendants' only excuse for redacting has been a misplaced FERPA objection (*see* Section D below). But Defendants offered no privilege log entries or other particularized justification for these redactions (see **Exhibit 4**) and many redactions do not appear to be student-related from the context. An order compelling unredacted documents is warranted.

**B.  Defendants' Boilerplate Objections (RFPs 1, 5, 8, 9, 16, 17, 19, 20, 23, 25, 29, 30, 33, 36) Are Improper And Should Have Been Withdrawn.**

In addition to the improper "to the extent" boilerplate objections Defendants withdrew after challenged, Defendants' responses were also riddled with verbatim copy-and-paste objections invoking overbreadth, undue burden, and disproportionality without particularized explanation. The boilerplate nature of these objections is demonstrated by Defendants' repeated reference to a "Defendant College"—a non-party to this action—in response to RFP Nos. 13, 18, 19, 20, and 38, and by Defendants' redundant definition of FERPA in RFP responses 13, 18, 19, 20, and 38.

Courts in this District consistently strike such objections. *Fish v. Kobach*, No. 16-2105-JAR-JPO, 2016 U.S. Dist. LEXIS 29628, at \*5 (D. Kan. Mar. 8, 2016) ("General objections are improper and will not be tolerated.") (citing *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003) (objecting party cannot sustain burden with boilerplate claims that requested discovery is burdensome); and *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003) (overruling objection of undue burden based in part on lack of affidavit or other proof)).

**C.  A Bates-Numbered Page Is Missing, More Than 125 Document Links Are Broken, and Many Other Embedded Hyperlinks Require Authorization to Access.**

Defendants identified Bates page USD005598 as produced in response to RFP 14, yet that page is absent from the production. Additionally, more than 125 embedded document hyperlinks within the  6,485-page earlier production were broken and many more require authorization to access—rendering those materials effectively unproduced. There are many more redactions and

3

broken or inaccessible hyperlinks in Defendants' most recent 5,450-page production. Fed. R. Civ. P. 34(b)(2)(E)(i) requires production in a reasonably usable form.

**D.  Investigation Interview Recordings Have Not Been Produced (RFPs 19, 20).**

Defendants have conceded that recorded interviews were conducted during the Second Investigation of Ms. Sullivan (February-March 2023). With the exception of the recording of Plaintiff's own interview—produced at Plaintiff's counsel's insistence before this litigation—none of these recordings have been produced. The recordings are plainly responsive to RFP 20(c), which seeks "All documents (including without limitation all drafts and revisions) relating to the Second Investigation (February-March 2023) under Policy AC, including without limitation: … "all interview notes, recordings, transcripts, and summaries relating to students, staff, or Ms. Sullivan."

FERPA is not a valid basis to withhold these recordings. As this Court held in *Walker v. Newman Univ.*, No. 2:19-cv-02005-DDC-TJJ, 2020 U.S. Dist. LEXIS 92997, at \*4–5 (D. Kan. May 28, 2020), investigatory notes and interview records that directly relate to a teacher's conduct and only tangentially involve students do not constitute "education records" protected by FERPA. Tellingly, Defendants have identified students and their statements when it pleases them. Defendants identified the names and addresses of 24 students, plus their expected knowledge, in Defendants' second supplemental Rule 26 disclosures, served April 20. Defendants were to have promptly notified the Court of any FERPA objections received. ECF 81. Defendants have not served notice of any such notification(s).

**E.  Defendants' Privilege Log Is Inadequate (RFPs 2, 4, 14, 19, 20).**

Defendants' privilege log—submitted 19 days after the RFP response deadline—lists 67 emails, a memo, and a chart, all asserted under blanket "Attorney-Client Privilege and Work-Product Privilege." The log fails to satisfy Fed. R. Civ. P. 26(b)(5)(A)(ii) in several respects.

4

First, the log uses identical or near-identical boilerplate descriptions across dozens of entries spanning 2019 to 2025, stating only that the email was "prepared to transmit legal advice" or "prepared to seek legal advice" on a generic subject such as "discrimination, harassment and retaliation policy." Such cut-and-paste descriptions do not enable Plaintiff or the Court to assess the privilege claim on a document-by-document basis, as Rule 26 requires. *In re Syngenta AG MIR 162 Corn Litig.*, No. MDL 2591, 2017 U.S. Dist. LEXIS 44192, at *1 (D. Kan. Mar. 24, 2017) (citing the 9 required showings to determine if a document is attorney-client privileged).

Second, Defendant Rachel England served as Compliance Coordinator—not as counsel— for the Policy AC investigation of Ms. Sullivan. Ms. England's communications in her compliance coordinator capacity are not *prima facie* attorney-client privileged. The Court's Scheduling Order (ECF No. 65, ¶ 2(j)) expressly recognizes this distinction. Business or operational communications are not protected simply because an attorney participated. *Dartez v. Peters*, No. 15-3255-EFM-GEB, 2019 U.S. Dist. LEXIS 123178, at *42–43 (D. Kan. July 24, 2019); *see also EEOC v. Chipotle Servs., LLC*, No. 23-2439-KHV-BGS, 2024 U.S. Dist. LEXIS 136330, at *20 (D. Kan. Aug. 1, 2024).

Third, specific anomalies in the privilege log independently demonstrate its inadequacy:

a. **RFP 2 (Transgender Practices Document):** RFP 2 specifically seeks documents relating to the April 12, 2023 "Transgender Practices FAQ" document. No entry on the privilege log identifies a document from or around that date or appearing to relate to that document, and no responsive documents have been produced. The log thus fails to account for withheld materials potentially responsive to this request and definitely to other requests (namely four emails from 02/21/23 through 04/23/23 between the two administrators conducting the Policy AC investigation, J. Higgins and R. England).

b. **RFP 14 ("Corrective Action" Documents):** Defendants initially asserted privilege over responsive documents, then identified a single page (USD005598)—now confirmed missing from the production—as the only non-privileged document, and in their Second Supplement stated that "no documents have been withheld based upon attorney-client or work product privilege." Yet the privilege log contains four emails that have not been produced between Defendants Higgins and England (the two administrators conducting the Policy AC investigation) dated from 02/21/23 through 04/23/23, directly coinciding with the Second Investigation of Ms. Sullivan. After Plaintiff contested the privilege log, Defendants changed their answer from claiming privilege to stating no documents are withheld. Defendants are improperly retaining the logged emails from the investigators involved in the very events RFP 14 targets.

c. **RFPs 19 and 20 (Investigation Recordings):** As noted above, recorded interviews conducted by Defendant Higgins (not by counsel) have not been produced and are not identified on the privilege log. They are neither privileged nor protected work product.

Defendants bear the burden of establishing privilege. *United States v. Merida*, 828 F.3d 1203, 1209 (10th Cir. 2016); *KPH Healthcare Servs. v. Mylan, N.V.*, No. 2:20-cv-02065-DDC-TJJ, 2022 U.S. Dist. LEXIS 151439, at *1 (D. Kan. Aug. 23, 2022). Defendants' privilege log is simply inadequate. *See Syngenta.*

**F. Documents Promised for In-Office Inspection Have Not Been Produced (RFPs 4, 10).**

In their February 17, 2026 Supplemental Responses, Defendants stated, for both RFP 4 (pronoun/name-use policies and training materials) and RFP 10 (PLC monitoring policies and materials), that "additional documents will be made available for review and inspection at a mutually agreeable date." When an in-office inspection was ultimately arranged after weeks of

delay, the documents made available consisted entirely of published books that are not responsive to either request. Fed. R. Civ. P. 34(b)(2)(B) requires that if production is agreed to, it "must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." *United Cap. Mgmt. of Kan., Inc. v. Nelson*, No. 22-cv-4008-JWB-TJJ, 2023 U.S. Dist. LEXIS 22537, at *10 (D. Kan. Feb. 9, 2023).

**G.  Bates Ranges For At Least 260 Pages Without Identifying a Corresponding Request.**

Defendants originally produced more than 6,400 pages after the deadline but never identified the following Bates ranges as responsive to any specific request: USD000010–000071; USD000373–000381; USD000384–000388; and USD006302–006485—a total of approximately 260 pages. Rule 34(b)(2)(E)(i) requires Defendants to "organize and label" produced documents "to correspond with the categories in the request." Defendants' failure to do so for these 260 pages is an independent violation. Section H below describes another.

**H.  Defendants Have Not Properly Responded to Numerous Requests (RFPs 1, 5, 8, 9, 16, 17, 19, 20, 23).**

Defendants objected to RFPs 1, 5, 8, 9, 16, 17, 19, 20, 23 based on the faulty contention that Plaintiff was seeking all employees' communications (not the individual Defendants' communications or the communications of USD 512 acting through its officers). Notwithstanding, in a good-faith effort, Plaintiff's counsel agreed to narrow those requests to communications to or from the individual named defendants plus two additional officers, David A. Smith and John McKinney between January 1, 2021 and February 28, 2026. Defendants did not respond until two days ago when counsel dumped 5,450 pages on Plaintiff, without organizing and labeling the documents to coincide with the specific RFPs, in direct violation of Fed. R. Civ. P. 34(b)(2)(E)(i). *See Bergersen v. Shelter Mut. Ins. Co.*, No. 05-1044-JTM-DWB, 2006 U.S. Dist. LEXIS 17452, at *3-4 (D. Kan. Feb. 13, 2006) (Rule is intended to prevent parties from hiding "a needle in a

haystack" by mingling critical documents with others in the hope of obscuring significance). The April 22 production also contains numerous duplicates, more redactions, broken hyperlinks, unauthorized links, and documents that, upon initial review, do not appear responsive to the RFPs within the narrowed senders/recipients and date range.

## III. PLAINTIFF IS ENTITLED TO FEES AND COSTS

Fed. R. Civ. P. 37(a)(5)(A) requires the Court to award reasonable expenses, including attorney's fees, incurred in making a successful motion to compel unless the opposing party's nondisclosure was substantially justified or an award would be unjust. Defendants' repeated failure to produce discovery in a usable form, comply with a Court order, and confer in good faith was not substantially justified. Plaintiff respectfully requests an award of fees and costs associated with this motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

a.  Overruling Defendants' boilerplate objections to RFPs 1, 5, 8, 9, 16, 17, 19, 20, 23, 25, 29, 30, 33, 36;

b.  Compelling Defendants to produce unredacted versions of all documents in their productions within 14 days;

c.  Compelling Defendants to produce Bates page USD005598 and accessible versions of all documents currently provided only as broken/inaccessible hyperlinks, plus active hyperlinks for verification of authenticity;

d.  Compelling Defendants to produce all recordings of investigation interviews conducted during the investigations of Ms. Sullivan.

e.  Compelling Defendants to serve an amended, particularized privilege log and to submit all withheld documents for in camera review;

f.  Compelling Defendants to produce all documents responsive to RFPs 4 and 10 that were promised but never provided;

g.  Compelling Defendants to identify which RFP(s) correspond to the undesignated Bates ranges USD000010–000071, USD000373–000381, USD000384–000388, and USD006302–006485, or explain why they were produced;

h.  Compelling Defendants to supplement their responses with documents organized and labeled to correspond to RFPs 1, 5, 8, 9, 16, 17, 19, 20, and 23 based on Plaintiff's narrowed scope—communications to or from the named defendants and officers David A. Smith and John McKinney between January 1, 2021 and February 28, 2026; and

i.  Awarding Plaintiff her reasonable attorney's fees and costs incurred in connection with this Motion.

WHEREFORE, Plaintiff respectfully moves the Court for an order compelling discovery as stated.

Respectfully submitted,

**EDMUNDS LAW OFFICE, LLC**

*/s/ Fritz Edmunds*
FRITZ EDMUNDS (KS Bar # 16829)
11715 W. 101st Street
Overland Park, Kansas 66214
(913) 669-3000
fritz@edmundslaw.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On April 24, 2026 the above and foregoing was served on Defendants by email to:

Greg P. Goheen ggoheen@mvplaw.com.

*/s/ Fritz Edmunds*
ATTORNEY FOR PLAINTIFF

9

**SUMMARY TABLE FOR THE COURT**

| Issue | Affected RFPs | Key Deficiency | Requested Relief |
|---|---|---|---|
| Boilerplate Objections | 1, 5, 8, 9, 16, 17, 19, 20, 23, 25, 29, 30, 33, 36 | Verbatim, non-particularized objections (overbreadth, undue burden, disproportionality) without specific support | Overrule all boilerplate objections |
| Failure to Produce Unredacted Documents | All | 863+ redactions in first production + additional redactions in April 22 production, despite Court order of April 3 | Produce fully unredacted versions of all documents within 14 days |
| Missing & Inaccessible Documents | Multiple | Bates page USD005598 missing; 125+ broken or authorization-restricted hyperlinks | Immediately produce missing page and all hyperlinked documents with active, accessible links |
| Investigation Interview Recordings | 19, 20 | No recordings of witness interviews produced (except Plaintiff's own) | Produce all investigation interview recordings |
| Inadequate Privilege Log | 2, 4, 19, 20 | Boilerplate descriptions, internal contradictions (esp. RFP 14), communications by non-attorney role R. England | Serve amended particularized privilege log + submit withheld documents for in camera review |
| Promised but Unproduced Documents | 4, 10 | Only non-responsive published books made available at in-office inspection | Produce all responsive documents promised in February 17 supplemental responses |
| Unidentified Bates Ranges | Multiple | ~260 pages (USD000010–000071, USD000373–000381, USD000384–000388, USD006302–006485) not tied to any RFP | Identify corresponding RFPs or confirm pages are non-responsive and explain why produced |
| Improper Response to Narrowed Requests | 1, 5, 8, 9, 16, 17, 19, 20, 23 | 5,450-page disorganized dump April 22 with duplicates, redactions, broken links, and non-responsive documents | Supplement with properly organized and labeled production limited to narrowed recipients/senders and date range |

10