# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JENNIFER CAEDRAN SULLIVAN, )
)
**Plaintiff,** )
) **Case No. 24-2491-DDC-BGS**
**v.** )
)
UNIFIED SCHOOL DISTRICT NO. 512, )
Johnson County, Kansas, *et al.*, )
)
**Defendants.** )

**DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS**

**COME NOW** Defendants Unified School District No. 512, Johnson County, Kansas, ("USD No. 512"), Michelle Hubbard, Rachel England, Jeremy Higgins and David Ewers ("Defendants") and submit these responses and objections to Plaintiff's First Requests for Production of Documents pursuant to Fed.R.Civ.P. 34.[1]

**GENERAL OBJECTIONS**

1.      Defendants object to the Requests to the extent they seek information beyond the scope permitted by Fed.R.Civ.P. 26(b) & 34(a) as such information is not relevant to any parties' claims or defenses and the Requests are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

2.      Defendants object to each Request to the extent that it seeks to impose obligations on

---

[1]      Plaintiff has served a single set of requests for production of documents ostensibly directed at all remaining defendants in this litigation though clearly seeking documents in the possession, control or custody of Defendant USD No. 512.  In providing a joint response to this singular set of requests for production, the remaining individual Defendants Hubbard, England, Higgins and Ewers expressly state that they do not personally have possession, control or custody of any of Defendant USD No. 512's documents.  Nor do any individual Defendants or Defendant USD No. 512 have any possession, control or custody of any other individual Defendants' documents, if any.

1

or compel actions by Defendants beyond those required by Fed.R.Civ.P. 26 & 34.

3.    Defendants object to the "Definitions and Instructions" section of these requests to the extent that this section set forth by Plaintiff exceeds the requirements of a party responding to requests for production under Fed.R.Civ.P. 34.

4.    Defendants object to each Request to the extent that it seeks to impose obligations on or compel actions by Defendants beyond those required by Fed.R.Civ.P. 26 & 34.

5.    Defendants object to the Requests to the extent they seek information protected by the attorney-client privilege, the insurer-insured privilege, the work-product doctrine or any other applicable privileges or immunities.  The inadvertent disclosure of any privileged information is not intended to relinquish any privileges and shall not be deemed to be a waiver of any applicable privilege.

6.    Defendants object to the Requests to the extent that they call for information relating to the transactions or personal information of employees, students or third persons other than the Plaintiffs to the extent disclosure of such information is prohibited by or would violate the Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g and 34 C.F.R. § 99.1, *et seq.*) or any other right to privacy protected by the United States Constitution, the Kansas Constitution or other applicable federal and/or state law.

7.    Defendants object to the Requests to the extent that they seek information for periods of time in excess of the relevant time period encompassed by the subject matter relevant to Plaintiffs' claims in this litigation.

Defendants expressly limit their Responses to the Plaintiff's Requests for Production of Documents to the scope permitted by Fed.R.Civ.P. 26 and 34, based on its General Objections, which are incorporated to the extent applicable into each and every one of the following Responses:

1.    All communications regarding Ms. Sullivan's opposition to the Deep Equity meetings

2

and/or her request to be excused from attending same.

**RESPONSE:** Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items" requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65). Specifically, Plaintiff's request for "all communications" by any employee renders this Request overly broad in scope. USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every communication and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case. Defendants' response is limited to communications from Plaintiff to the remaining named individual defendants.

As limited by these objections and the General Objections set forth above, Defendants are not currently aware of any documents other than the letter attached as Exhibit 4 to Plaintiff's Second Amended Complaint (ECF No. 44).

2.      All versions of and all documents (including without limitation all drafts and revisions) constituting, describing, or implementing the Trans Practices/New Trans Orthodoxy, including without limitation the April 12, 2023 "Transgender Practices" or FAQ document and any related drafts, redlines, emails, or board-level or administrative changes and approvals, identifying the drafter(s) and those who approved same.

**RESPONSE:** Defendants object to this Request to the extent it seeks documents protected by the attorney/client privilege and/or the work product doctrine. A privilege log, if necessary, will be provided for any documents withheld based on an asserted privilege.

As limited by these objections and the General Objections set forth above, non-privileged documents will be produced.

3.      All documents (including without limitation all drafts and revisions) constituting or describing the Communication with Parents Policy, including without limitation any written or unwritten directives that teachers must or must not disclose students' preferred names, pronouns, or gender identity to parents and any related drafts, redlines, emails, or board-level or administrative changes and approvals, identifying the drafter(s) and those who approved same.

**RESPONSE:** None.

3

4.      All policies, handbooks, guidelines, directives, and training materials regarding the use of student names and pronouns by staff, including without limitation any directions to refer to students by "preferred" names or pronouns, and any changes to such policies during the Time Period. And any related drafts, redlines, emails, or board-level or administrative changes and approvals, identifying the drafter(s) and those who approved same.

**RESPONSE:** Defendants object to this Request to the extent it seeks documents protected by the attorney/client privilege and/or the work product doctrine.  A privilege log, if necessary, will be provided for any documents withheld based on an asserted privilege.

As limited by these objections and the General Objections set forth above, non-privileged documents will be produced.

5.      All policies, procedures, training materials, and communications concerning the handling, investigation, and documentation of student complaints of discrimination, harassment, or bullying, including without limitation under Policy AC and any related drafts, redlines, emails, or board-level or administrative changes and approvals, identifying the drafter(s) and those who approved same.

**RESPONSE:** Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items"  requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65). Specifically, Plaintiff's request for "all communications" by any employee renders this Request overly broad in scope.  USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every potential communication and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case.

Defendants further object to this Request as overly broad in scope and unduly burdensome to the extent it seeks documents beyond the scope of the time period relevant to Plaintiff's claims.  Accordingly, Defendants' response is limited to the last five (5) years.

As limited by these objections and the General Objections set forth above, documents will be produced.

6.       All DEI Program, Deep Equity, and DEI or DEIB Curriculum materials used in the

4

District including without limitation at Shawnee Mission North High School, including slides, handouts, videos, facilitator guides, reading lists, lesson plans, sign-in sheets, implementation schedules/charts for the Corwin Deep Equity curriculum, and post-training evaluations.

**RESPONSE:** Defendants object to this Request as overly broad in scope to the extent it seeks documents in buildings outside of the building where Plaintiff works – i.e Shawnee Mission North High School. Accordingly, Defendants' response is limited to materials that may have been used at Shawnee Mission North High School.

As limited by these objections and the General Objections set forth above, documents will be produced or made available for review and inspection at a mutually agreeable date.

7.        Documents disclosing all payments by the District to outside vendors, consultants, or trainers providing DEI, DEIB, or Deep Equity, services from 2018 to the present.

**RESPONSE:** Documents will be produced.

8.        All correspondence, contracts, and other communications with, and payments made to, the person(s) running or maintaining the Facebook group known as SMSD Watchdogs including without limitation Liz Meitl, Christy Phelps Elder, or Karen Loggia or other administrators from the group, at any time during The Time Period.

**RESPONSE:** Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items" requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65). Specifically, Plaintiff's request for any communications by any employee renders this Request overly broad in scope. USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every potential communication and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case.

Defendants also object to this Request to the extent it seeks documents that are unrelated to the claims in Plaintiffs' Second Amended Complaint (ECF No. 44), not likely to lead to the discovery of admissible evidence with little to no nexus to Plaintiff's claims against Defendants and therefore not relevant or proportional to the needs of this case.

As limited by these objections and the General Objections set forth above,

5

Defendants have no contracts or payments made to this entity/group or these individuals.

9.      All correspondence, contracts, and other communications with, and evidence of payments made to Post Publishing Inc. or any of its subsidiaries, at any time during The Time Period.

**RESPONSE:**   Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items"  requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65). Specifically, Plaintiff's request for "all communications" by any employee renders this Request overly broad in scope.  USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every potential communication and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case.  Defendants would have no ability to know if any district employee had communicated with anyone at Post Publishing about unlimited topics.

Defendants also object to this Request to the extent it seeks documents that are unrelated to the claims in Plaintiffs' Second Amended Complaint (ECF No. 44), not likely to lead to the discovery of admissible evidence with little to no nexus to Plaintiff's claims against Defendants and therefore not relevant or proportional to the needs of this case.

As limited by these objections and the General Objections set forth above, documents will be produced.

10.      All policies, requirements, training, or guidelines concerning monitoring or observing teachers' PLC meetings, classrooms, or teams, including any directives related to monitoring Ms. Sullivan's ELA PLC meetings and any related drafts, redlines, emails, or board-level or administrative changes and approvals, identifying the drafter(s) and those who approved same.

**RESPONSE:**  Documents will be produced or made available for review and inspection at a mutually agreeable date.

11.      Ms. Sullivan's complete personnel file, including performance evaluations, observations, commendations, discipline records, corrective action records, and any documents

maintained in any "shadow" or "confidential" file.

**RESPONSE:** Plaintiff's employment records will be produced.

12.     All documents concerning Ms. Sullivan's assignment to, and later removal from, Advanced Placement ("AP") classes, including selection criteria, workload distribution, internal discussions of changing her assignment, and documents identifying which teacher(s) received her former AP classes, the reasons therefor, and any related drafts, redlines, emails, or board-level or administrative changes and approvals, identifying the drafter(s) and those who approved same.

**RESPONSE:** Documents will be produced.

13.     All of the complaints (including without limitation all drafts and revisions), incident reports, notes, correspondence, and other documents created or received in connection with or that led to or resulted from the meeting on or about February 1, 2023 with Ms. Sullivan, defendant Ewers, and Associate Principal Durham (the "First Investigation").

**RESPONSE:** Defendants object to the extent it seeks the disclosure of confidential student information which is protected by the Federal Family Educational Rights and Privacy Act [FERPA] (20 USC § 1232g and 34 C.F.R. § 99.1, et seq.). These students have the right to have their privacy protected and Defendant College must prevent the disclosure of a student's personally identifiable information obtained by or through student records. See State of Kansas v. Board of Education of Unified School District No. 305, Saline County, State of Kansas, et al., 13 Kan.App.2d 117 (1998).

As limited by these objections and the General Objections set forth above, documents will be produced upon compliance of FERPA's notice requirements.

14.     All documents relating to any discipline, written reprimand, conference, or corrective action imposed on Ms. Sullivan on or about March 31, 2023 or thereafter, including without limitation any internal deliberations about the outcome(s) of the Second Investigation and any related drafts, redlines, emails, or board-level or administrative changes and approvals, identifying the drafter(s) and those who approved same.

**RESPONSE:**  Defendants object to this Request to the extent it seeks documents protected by the

7

attorney/client privilege and/or the work product doctrine.  A privilege log, if necessary, will be provided for any documents withheld based on an asserted privilege.

As limited by these objections and the General Objections set forth above, non-privileged documents will be produced.

15.     All documents reflecting any training Ms. Sullivan was required to attend as "corrective action," including the training description, content, dates, sign-in sheets, and communications assigning her to such training.

**RESPONSE:** None.

16.     All documents referring or addressing Ms. Sullivan's "Opposition Letter" to DEI Coordinators (referenced as Ex. 4 in the Complaint), including without limitation the letter itself, and all communications among Defendants or other District personnel regarding the letter or Ms. Sullivan's objections to DEI programming.

**RESPONSE:** Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items"  requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65). Specifically, Plaintiff's request for "all documents" by any employee renders this Request overly broad in scope.  USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every document and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case. Defendants would have no ability to know if any district employee had documents referring or addressing Plaintiff's articles.

As limited by the objections and the General Objections set forth above, Defendants are not aware of any documents.

17.     All documents referring or addressing Ms. Sullivan's Exposé Articles, including without limitation any monitoring, public-relations, or disciplinary discussions arising from or related to those articles.

**RESPONSE:** Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items"  requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65).

Specifically, Plaintiff's request for "all documents" by any employee renders this Request overly broad in scope. USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every document and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case. Defendants would have no ability to know if any district employee had documents referring or addressing Plaintiff's articles.

As limited by the objections and the General Objections set forth above, documents will be produced.

18.    All documents reflecting any complaints, concerns, or praise about Ms. Sullivan's teaching performance, classroom climate, or interactions with students or staff from 2018 to the present, including emails, notes of meetings, or summaries of parent or student feedback.

**RESPONSE:**    Defendants object to the extent it seeks the disclosure of confidential student information which is protected by the Federal Family Educational Rights and Privacy Act [FERPA] (20 USC § 1232g and 34 C.F.R. § 99.1, et seq.). These students have the right to have their privacy protected and Defendant College must prevent the disclosure of a student's personally identifiable information obtained by or through student records. See State of Kansas v. Board of Education of Unified School District No. 305, Saline County, State of Kansas, et al., 13 Kan.App.2d 117 (1998).

As limited by the objections and the General Objections set forth above, documents will be produced upon compliance with FERPA requirements.

19.    All documents relating to the First Investigation (January-February 2023), including without limitation:

a.    Emails, notes, and internal communications among Defendants and District staff;

b.    Any written statements or reports generated;

c.    Notes or recordings of the January 23, 2023 and February 1, 2023 meetings with Ms. Sullivan.

d.    Any drafts and final versions of the "expectation" that students with preferred names and pronouns "will be referred to by those preferences."

**RESPONSE:**    Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items" requested as required by Fed.R.Civ.P.

9

34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65). Specifically, Plaintiff's request for "all documents" "relating" to the investigation renders this Request overly broad in scope. USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every document and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case.

Defendants object to this Request to the extent it seeks documents protected by the attorney/client privilege and/or the work product doctrine. A privilege log, if necessary, will be provided for any documents withheld based on an asserted privilege.

Defendants also object to the extent it seeks the disclosure of confidential student information which is protected by the Federal Family Educational Rights and Privacy Act [FERPA] (20 USC § 1232g and 34 C.F.R. § 99.1, et seq.). These students have the right to have their privacy protected and Defendant College must prevent the disclosure of a student's personally identifiable information obtained by or through student records. See State of Kansas v. Board of Education of Unified School District No. 305, Saline County, State of Kansas, et al., 13 Kan.App.2d 117 (1998).

As limited by these objections and the General Objections set forth above, documents will be produced upon compliance with FERPA requirements.

20.    All documents (including without limitation all drafts and revisions) relating to the Second Investigation (February-March 2023) under Policy AC, including without limitation:

a.    The Alleged Gender ID Complaint itself;

b.    Any accompanying or subsequent complaints or addenda;

c.    All interview notes, recordings, transcripts, and summaries relating to students, staff, or Ms. Sullivan (including without limitation the interrogation meeting of Ms. Sullivan held by defendants Higgins and England on or about March 3, 2023);

d.    Any investigative report, findings, determination, or conclusion, including the March 31, 2023 determination;

e.    All communications among Defendants and District personnel concerning the investigation, Ms. Sullivan, the decision to discipline or not discipline her and the decision

10

for corrective action.

**RESPONSE:** Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items" requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65). Specifically, Plaintiff's request for "all documents" "relating" to the investigation renders this Request overly broad in scope. USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every document and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case.

Defendants object to this Request to the extent it seeks documents protected by the attorney/client privilege and/or the work product doctrine. A privilege log, if necessary, will be provided for any documents withheld based on an asserted privilege.

Defendants also object to the extent it seeks the disclosure of confidential student information which is protected by the Federal Family Educational Rights and Privacy Act [FERPA] (20 USC § 1232g and 34 C.F.R. § 99.1, et seq.). These students have the right to have their privacy protected and Defendant College must prevent the disclosure of a student's personally identifiable information obtained by or through student records. See State of Kansas v. Board of Education of Unified School District No. 305, Saline County, State of Kansas, et al., 13 Kan.App.2d 117 (1998).

As limited by these objections and the General Objections set forth above, documents will be produced upon compliance with FERPA requirements.

21.    All documents referring or relating to Defendants' refusal or failure to provide the Alleged Gender ID Complaint, or its contents, to Ms. Sullivan or her counsel, including communications citing FERPA or other reasons for withholding the document(s).

**RESPONSE:** Documents will be produced.

22.    All documents reflecting any other complaints of gender identity discrimination or complaints involving pronoun/name usage against teachers in the District from 2018 to the present, including:

a.    The complaint(s);

b.    Investigation records;

11

c.    Outcomes, including whether and what discipline or corrective action was imposed.

**RESPONSE:** None.

23.    All documents relating to instances or incidents in which District or School staff used pronouns different from a student's requested pronouns.

**RESPONSE:** Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items" requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65). Specifically, Plaintiff's request for "all documents" "relating" to instances or incidents in which district staff used such pronouns renders this Request overly broad in scope. USD No. 512 employs in excess of 3,500 individuals and Defendants could not reasonably be aware of every document and doing so would be unduly burdensome oppressive, would place on Defendants an unreasonable burden of inquiry and is not proportional to the needs of this case.

As limited by these objections and the General Objections set forth above, Defendant is not aware of any documents.

24.    All documents relating to Ms. Sullivan's grievance(s) or appeal(s) arising from the Second Investigation, including:

a.    Ms. Sullivan's written grievance(s) and appeals;

b.    District responses;

c.    Any internal communications about whether her grievance was "grievable";

d.    Any decisions or memoranda declining arbitration or further processing.

**RESPONSE:** Documents will be produced.

25.    All documents showing the District's practice in processing Policy AC grievances and PNA grievances for other employees from 2018 to the present, including any instances where grievances proceeded to arbitration.

**RESPONSE:** Defendants object to this Request to the extent it seeks documents that are unrelated to the claims in Plaintiffs' Second Amended Complaint (ECF No. 44), not likely to lead to the discovery of admissible evidence with little to no nexus to Plaintiff's claims against Defendants and therefore not relevant or proportional to the

12

needs of this case.

Defendants also object to this Request as overly broad in scope to the extent that it seeks confidential employee records which are unrelated to the claims in Plaintiff's Second Amended Complaint (ECF No. 44). These documents are not relevant or proportional to the needs of this case as personnel records of persons who were not directly involved or who did not play an important role in an individual's employment actions are not discoverable. Moss v. Blue Cross and Blue Shield of Kansas, Inc., 241 F.R.D. 683 (D. Kan 2007)(personnel records of individuals who were alleged to have been involved in decision to terminate employee were relevant and discoverable).

As limited by these objections and the General Objections set forth above, documents will be produced.

26.    All documents relating to the decision to have District-level personnel monitor Ms. Sullivan's PLC or other meetings, including the identity of monitors, schedules, notes of observations, and any summary or feedback generated as a result of such monitoring.

**RESPONSE:** Defendants are not aware of any documents.

27.    All documents relating to the student walk-out or protest described in paragraphs 359-365 and 361-363, including without limitation:

a.    Emails, messages, or other communications among Defendants, staff, or students about planning, approving, responding to, or disciplining (or not disciplining) students for the protest;

b.    Any photographs, videos, or recordings of the protest;

c.    Any District or School communications to parents or media about the protest.

**RESPONSE:** Documents will be produced.

28.    All documents relating to any consideration of adverse employment action against Ms. Sullivan, including without limitation conference notes, discipline, non-renewal, termination, reassignment, or demotion, from January 2021 to the present.

**RESPONSE:** Defendant is not aware of any documents.

29.    All documents comprising, referring, or relating to Ms. Sullivan's EEOC Charge filed

13

on or about October 3, 2023, and Defendants' communications with the EEOC, including without

limitation:

      a.      Position statements;

      b.      Supporting documentation;

      c.      EEOC requests for information;

      d.      Defendants' responses or refusals to provide information;

      e.      Any communications about mediation or alternative dispute resolution.

**RESPONSE:** Defendants object to this Request because it seeks documents that are not likely to lead to the discovery of admissible evidence with little or no nexus to Plaintiff's actual claims against Defendants in this action. <u>Keeler v. ARAMARK</u>, No. 11-1372-EFM, 2013 WL 1568039, at *6 (D.Kan. Apr. 12, 2013 (finding statements made to the EEOC and the Kansas Human Rights Commission were at least entitled to qualified privilege, but possibly absolute privilege, under Kansas law), aff'd, 536 Fed.Appx. 771, 773 (10th Cir. 2013) (statements made to an administrative body, such as the EEOC or the KHRC, are privileged because they are made in the course of a quasi-judicial proceeding.).

30.      All communications with the Kansas Attorney General or any other governmental

authority concerning District policies or practices regarding parental notification of students'

preferred names or pronouns, as referenced in paragraph 31-32.

**RESPONSE:** Defendants object to this Request to the extent it seeks documents that are unrelated to the claims in Plaintiffs' Second Amended Complaint (ECF No. 44), not likely to lead to the discovery of admissible evidence with little to no nexus to Plaintiff's claims against Defendants and therefore not relevant or proportional to the needs of this case.

31.      All public-relations, media, or communications-office documents or talking points

concerning Ms. Sullivan, the Exposé Articles, or this lawsuit, including any drafts, press releases,

social-media posts, or responses to media inquiries.

**RESPONSE:** Defendants are not aware of any documents.

32.      Documents sufficient to show all teachers at Shawnee Mission North High School

who taught AP English courses from 2018 to the present, including their assignments by course and

year, and their qualifications for same.

**RESPONSE:** Documents will be produced.

33.     Documents sufficient to show all instances in which teachers were removed from AP courses, reassigned, or demoted during the Time Period, including reasons given and any contemporaneous documentation.

**RESPONSE:** Defendants object to this Request as overly broad in scope to the extent it seeks documents in buildings outside of the building where Plaintiff works – i.e Shawnee Mission North High School. Accordingly, Defendants' response is limited to documents identifying teachers reassigned AP English courses at Shawnee Mission North High School.

As limited by these objections and the General Objections set forth above, documents will be produced.

34.     Documents sufficient to show all instances in which a District or School employee was disciplined or received corrective action for use of student pronouns or names from 2018 to the present, including the nature of the conduct and the discipline imposed.

**RESPONSE:** None.

35.     Documents sufficient to show all DEI-related complaints or objections by staff or teachers from 2018 to the present, and the District's response to each.

**RESPONSE:** None.

36.     All communications to, from, or with Brian Klinzing, Monica Morris, Jackie Madrigal, or other teachers about Ms. Sullivan and/or her PLC.

**RESPONSE:** Defendants object to this Request to the extent it seeks documents that are unrelated to the claims in Plaintiffs' Second Amended Complaint (ECF No. 44), not likely to lead to the discovery of admissible evidence with little to no nexus to Plaintiff's claims against Defendants and therefore not relevant or proportional to the needs of this case.

37.     All minutes from any Board of Education meetings in which Ms. Sullivan, her employment, her EEOC charge, her Exposé Articles, or her actions was discussed at any time during the Time Period.

**RESPONSE:** None.

38.    Evidence of any racist flag(s) or book(s) in Ms. Sullivan's classroom.

**RESPONSE:** Defendants also object to the extent it seeks the disclosure of confidential student information which is protected by the Federal Family Educational Rights and Privacy Act [FERPA] (20 USC § 1232g and 34 C.F.R. § 99.1, et seq.). These students have the right to have their privacy protected and Defendant College must prevent the disclosure of a student's personally identifiable information obtained by or through student records. See State of Kansas v. Board of Education of Unified School District No. 305, Saline County, State of Kansas, et al., 13 Kan.App.2d 117 (1998).

As limited by these objections and the General Objections set forth above, documents will be produced upon compliance with FERPA requirements.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas  66103
Telephone:    (913) 371-3838
Facsimile:    (913) 371-4722
E-mail:ggoheen@mvplaw.com

By:  /s/ Gregory P. Goheen
       Gregory P. Goheen              #16291

Attorneys for Defendants Unified School District No. 512, Johnson County, Kansas, Mary Sinclair, Jessica Hembree, Jamie Borgman, April Boyd-Noronha, Heather Ousley, Mario Garcia, David Westbrook, Brad Stratton, Sara Goodburn, Michelle Hubbard, Joe Gilhaus, Rachel England, Michael Schumacher, Jeremy Higgins and David Ewers

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of February, 2026, the foregoing was served electronically to:

Fritz Edmunds
Edmunds Law Office, LLC
11715 W. 101st Street
Overland Park, KS 66214
Attorneys for Plaintiff

                                        /s/ Gregory P. Goheen

16