## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENNIFER CAEDRAN SULLIVAN,

    Plaintiff,

    v.

USD 512 SHAWNEE MISSION, et al.,

    Defendants.

Case No. 24-2491-DDC-BGS

### ORDER REGARDING PENDING MOTIONS AND
### RELATED EMAIL COMMUNICATIONS

This matter comes before the Court on Plaintiff's Motion to Extend Deadline for

Completion of Depositions and to Modify Related Scheduling Order Deadlines (Doc. 104),

Plaintiff's Motion for Extension of Mediation Deadline and Request for Guidance (Doc. 107),

Defendants' Response to Plaintiff's Motion for Extension of Mediation Deadline (Doc. 108), and

related email communications submitted to the Court.  The Court does not rule on the pending

motions at this time.  Instead, for the reasons explained below, the Court directs the parties to

confer and submit a joint status report and proposed amended scheduling order so the Court can

determine what schedule and related relief are appropriate.

The existing case-management deadlines appear no longer workable.  The discovery deadline

has expired, no depositions have been completed, and the parties have not yet completed mediation.

The record also reflects substantial written discovery, several disputes arising from that written

discovery, and ongoing difficulty scheduling numerous depositions.  The Court therefore requires

additional information from the parties before ruling on the pending motions or entering an

amended schedule.

The parties shall confer in good faith regarding a proposed amended schedule.  This

conferral must be substantive and must occur by telephone, videoconference, or in person; an

exchange of emails alone is insufficient.  The parties' conferral must address the full remaining schedule, including a new discovery deadline, all remaining depositions, and mediation.  The parties shall then file a joint status report and proposed amended scheduling order that includes the following information:

1.  A proposed amended scheduling order, including a new discovery deadline.

2.  A list of all remaining discovery each side contends must be completed.  Given the extensive written discovery already conducted and the number of disputes arising from that discovery, the Court is not inclined to permit additional written discovery if the discovery deadline is extended.  Any proposed extension of discovery should focus on completing depositions.

3.  A schedule for all remaining depositions.  For each deposition, the report shall identify the deponent, the party seeking the deposition, whether the deposition is confirmed or tentative, the scheduled or proposed date, and any remaining impediment to completing the deposition.

4.  The parties' mediation plan.  The parties shall confer and arrange a mediation. The report shall identify the mediator, the confirmed or proposed mediation date, and any remaining issue preventing mediation from being scheduled or completed.

To the extent Plaintiff raises additional discovery issues in the pending motions or related communications, the Court does not find that the duty to confer has been satisfied.  The issues Plaintiff identifies appear to overlap substantially with the issues addressed in the Court's order on Plaintiff's Motion to Compel.  In addition, the record reflects that the parties' communications were affected by defense counsel's overseas travel and a funeral shortly thereafter.  The Court expects that many of the remaining discovery issues can be resolved, or at least substantially narrowed, through an actual substantive conferral session after the parties have reviewed the Court's ruling on the motion to compel.

All remaining pretrial deadlines are suspended pending further order of the Court.  The parties are cautioned that an amended schedule will likely affect the trial date.

The parties shall file their joint status report and proposed amended scheduling order on or

before **June 25, 2026**.  After reviewing that submission, the Court will rule on the pending motions, enter an amended scheduling order, and/or set a telephone conference if necessary.

Finally, counsel are advised that the Court expects meaningful cooperation in completing the remaining discovery and mediation.  If the parties continue to have difficulty communicating or conferring, or if they continue to raise voluminous disputes that reasonably should be narrowed through direct communication, the Court may require counsel to appear in person in Wichita with their calendars to address any remaining disputes and the case schedule.

**IT IS THEREFORE ORDERED** that a ruling is deferred on Plaintiff's Motion to Extend Deadline for Completion of Depositions and to Modify Related Scheduling Order Deadlines (Doc. 104) and Plaintiff's Motion for Extension of Mediation Deadline and Request for Guidance (Doc. 107).

**IT IS FURTHER ORDERED** that all remaining pretrial deadlines are suspended pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall confer and file a joint status report and proposed amended scheduling order on or before **June 25, 2026**, containing the information required by this Order.

**IT IS SO ORDERED.**

Dated June 4, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

3