**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JENNIFER CAEDRAN SULLIVAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 24-2491-DDC-BGS** |
| **v.** | ) | |
| | ) | |
| **UNIFIED SCHOOL DISTRICT NO. 512, Johnson County, Kansas, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**COME NOW** Defendants Unified School District No. 512, Johnson County, Kansas, ("USD No. 512"), Michelle Hubbard, Rachel England, Jeremy Higgins and David Ewers ("Defendants") and submit these responses and objections to Plaintiff's Second Requests for Production of Documents pursuant to Fed.R.Civ.P. 34.[1]

## GENERAL OBJECTIONS

Defendants object to the "Definitions and "Instructions" sections of the Requests set forth by Plaintiff that exceed the requirements of a party responding to requests for production under Fed.R.Civ.P. 26 & 34 and the Scheduling Order entered by the Court. The inadvertent disclosure of any privileged information is not intended to relinquish any privileges and shall not be deemed to be a waiver of any applicable privilege.

Defendants expressly limit their Responses to the Plaintiff's Requests for Production of Documents to the scope permitted by Fed.R.Civ.P. 26 and 34, based on its General Objections, which

[1] Plaintiff has served a single set of requests for production of documents ostensibly directed at all remaining defendants in this litigation though clearly seeking documents in the possession, control or custody of Defendant USD No. 512. In providing a joint response to this singular set of requests for production, the remaining individual Defendants Hubbard, England, Higgins and Ewers expressly state that they do not personally have possession, control or custody of any of Defendant USD No. 512's documents. Nor do any individual Defendants or Defendant USD No. 512 have any possession, control or custody of any other individual Defendants' documents, if any.

10. All drafts/versions of articles which Defendant USD 512 or its agents directed to be published by Post Publishing Inc. (the publisher of *The Johnson County Post* and/or *The Shawnee Mission Post*) during the Relevant Period.

**RESPONSE:** None.

11. All FERPA notices sent to students and/or their parents as a result of the discovery requests issued in this case.

**RESPONSE:** Defendants object to this Request because it seeks documents that are unrelated to the claims in Plaintiffs' Second Amended Complaint (ECF No. 44), not likely to lead to the discovery of admissible evidence with little to no nexus to Plaintiff's claims against Defendants and therefore not relevant or proportional to the needs of this case.

As limited by these objections and the General Objections set forth above, the FERPA notices were not sent by Defendants but by their counsel and therefore not in the possession of Defendants. Regardless, by separate cover, counsel for Defendants will provide copies of the notices to Plaintiff's counsel.

12. All objections received under FERPA as a result of the discovery requests issued in this case.

**RESPONSE:** No written FERPA objections have been received other than the objection raised by Matthew Hoppock in the Motion to Intervene filed May 7, 2026.

13. All job postings or advertisements for an English Language Arts teacher during the Relevant Period.

**RESPONSE:** Documents are produced as USD012503-012512.

14. All documents received from and produced to the US Department of Education investigation into possible violations of federal law, including without limitation FERPA and Title IX, within the past two years.

**RESPONSE:** Defendants object to this Request because it fails to "describe with reasonable particularity each item or category of items" requested as required by Fed.R.Civ.P. 34(b)(1)(A) and could, therefore, be construed to exceed the scope of discovery permitted by Fed.R.Civ.P. 26(b) & 34(a) and/or the Scheduling Order (ECF No. 65).

Specifically, Plaintiff's request for "all documents" renders this Request overly broad in scope.

Defendants also object to this Request because it seeks documents that are unrelated to the claims in Plaintiffs' Second Amended Complaint (ECF No. 44), not likely to lead to the discovery of admissible evidence with little to no nexus to Plaintiff's claims against Defendants and therefore not relevant or proportional to the needs of this case. Accordingly, Defendants' response is limited to records of discipline administered by Plaintiff to students identified in Defendants' Rule 26 disclosures.

Defendants further object to the extent it seeks information, documents, or communications regarding an ongoing, unresolved investigation by the Office for Civil Rights (OCR). Disclosure of ongoing OCR investigatory files would interfere with the administrative agency's process, prejudice the integrity of the pending inquiry, and is not relevant to any claim or defense in this current litigation.

15. All documents identified in Plaintiff's first interrogatories to Defendants or identified in responses thereto.

**RESPONSE:** Documents have been previously produced as USD000076-USD000077 and USD000329-USD000330.

16. All documents supporting Defendants' denials of the individual requests in Plaintiff's First Requests for Admission.

**RESPONSE:** Documents have been previously produced as USD00013-USD000071, USD000186 and USD000272.

17. Any conflict of interest waivers regarding Defendant Rachel England's dual role as general counsel and Compliance Coordinator.

**RESPONSE:** None.

18. All documents to or from Defendants or anyone acting on their behalf regarding the Student Protest.

**RESPONSE:** Defendants object to the Request as vague and ambiguous because Plaintiff has not defined "Student Protest".

Defendants also object to this Request because it fails to "describe with reasonable particularity each item or category of items" requested as required by Fed.R.Civ.P.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of May, 2026, the foregoing was served electronically to:

Fritz Edmunds
Edmunds Law Office, LLC
11715 W. 101st Street
Overland Park, KS 66214
Attorneys for Plaintiff

/s/ Gregory P. Goheen